404 So.2d 1055 (1981)
STATE of Florida, Petitioner,
v.
Robert L. PAYNE, Respondent.
No. 57505.
Supreme Court of Florida.
October 8, 1981.
Jim Smith, Atty. Gen., and James H. Greason and Anthony C. Musto, Asst. Attys. Gen., Miami, for petitioner.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, Miami, for respondent.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, Third District, (Payne v. State, 372 So.2d 152 (Fla. 3d DCA 1979)), which conflicts with the decision of another district court (Mulder v. State, 356 So.2d 870 (Fla. 4th DCA 1978)), on the same point of law. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The district court's opinion sets forth the pertinent facts:

*1056 [Respondent] Payne was charged by information with aggravated assault and unlawful possession of a firearm, and he entered a plea of not guilty to the charges. Trial by jury was had; however, due to inability of the jury to reach a verdict, a mistrial was declared. Thereafter, defendant withdrew his prior plea and entered a plea of guilty to the charges, upon the trial court's assurance that the sentence would not be greater than one year. The defendant was sentenced to one years imprisonment, but the sentence was suspended and he was placed on three years probation.
Approximately eighteen months later an affidavit alleging violation of the terms of probation was filed against Payne. After hearing was held on the alleged violation, defendant was sentenced to a term of imprisonment of five years in the state penitentiary by the same trial court.
Payne v. State at 152.
On appeal to the district court, respondent contended that the five-year sentence was improper, arguing that the trial court, in resentencing, was limited by the terms of the agreement by which respondent had pled guilty. Thus, respondent asserted, he could not be sentenced to more than one year imprisonment. Relying upon its earlier decision in Segarra v. State, 360 So.2d 79 (Fla. 3d DCA 1978), the district court agreed with respondent and reversed and remanded the case. Petitioner, the state, then sought review by this Court.
Subsequent to the above proceedings, we released our decision in State v. Segarra, 388 So.2d 1017 (Fla. 1980), reversing the third district's decision in Segarra v. State. In State v. Segarra, we held that under the provisions of subsection 948.06(1), Florida Statutes (1975), one placed on probation pursuant to the terms of a plea agreement may, upon violation and revocation of said probation, be sentenced to a term in excess of the provisions of the original bargain. In light of said ruling and its applicability to the case sub judice, we reverse the district court's decision herein.
Although we dispose of this cause on the basis of our decision in State v. Segarra, respondent raises a constitutional argument which we feel warrants consideration. Respondent contends that the imposition of a five-year prison term after he had earlier been sentenced to one year violated the double jeopardy clauses of the United States and Florida Constitutions, and cites several cases in support thereof. See Ex Parte Lange, 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872 (1874); United States v. Turner, 518 F.2d 14 (7th Cir.1975); Troupe v. Rowe, 283 So.2d 857 (Fla. 1973); Hardwick v. State, 357 So.2d 265 (Fla. 3d DCA 1978); Flowers v. State, 351 So.2d 387 (Fla. 1st DCA 1977).
The above cases pertain to the resentencing of parties already sentenced once before. All articulate the general rule that once a defendant has begun serving his sentence, double jeopardy protections attach and the sentence cannot thereafter be increased, for:
To do so is to punish him twice for the same offense. He is not only put in jeopardy twice, but put to actual punishment twice for the same thing.
Ex Parte Lange 18 Wall. at 175, 85 U.S. at 175. Respondent contends that there are no Florida cases encompassing a factual situation precisely like that here, but cites several from Pennsylvania which hold that one sentenced and then placed on probation cannot, upon revocation of probation, be re-sentenced to a term longer than that to which he was originally sentenced. See Commonwealth v. Cole, 222 Pa.Super. 229, 294 A.2d 824 (1972); Commonwealth v. Davy, 218 Pa.Super. 355, 280 A.2d 407 (1971); and Commonwealth v. Scheetz, 217 Pa.Super. 76, 268 A.2d 193 (1970).
We have, respondent's assertions notwithstanding, rendered decisions holding that under subsection 948.01(4) one who has been sentenced to a period of incarceration and then given a period of probation may, upon revocation of his probation, be resentenced to any term which might originally have been imposed, regardless of whether the *1057 term of the second sentence exceeds that of the first. See State v. Holmes, 360 So.2d 380 (Fla. 1978); State v. Jones, 327 So.2d 18 (Fla. 1976); rev'd in part on other grounds, 330 So.2d 189 (Fla. 1978). Scott v. State, 326 So.2d 165 (Fla.), cert. denied, 429 U.S. 836, 97 S.Ct. 104, 50 L.Ed.2d 103 (1976). In construing the statute, however, the preceding opinions did not address the constitutional question which respondent has raised. Several decisions from other courts, however, have considered the constitutionality of increased "second sentences" and found such to be proper.
We begin by considering the United States Supreme Court's opinion in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), which addressed the question of whether the constitution prohibits imposition of a more severe punishment upon retrial after a prior conviction has been set aside and a new trial granted at the defendant's behest. Both respondents in North Carolina v. Pearce were in the position of having had such occur and each contended that imposition of the longer sentence after retrial placed him twice in jeopardy for the same offense. The Court, however, found that "the guarantee against double jeopardy imposes no restrictions upon the length of a sentence imposed upon reconviction." Id. at 719, 89 S.Ct. at 2077-78. The rationale for so holding was based on "the premise that the original conviction has, at the defendant's behest, been wholly nullified and the slate wiped clean ... and the unexpired portion of the original sentence will never be served." Id. at 721, 89 S.Ct. at 2078.
The opinion further explained that a longer second sentence would not be improper if the defendant's conduct subsequent to imposition of the first sentence demonstrated that a sterner sentence was warranted:
A trial judge is not constitutionally precluded, in other words, from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's "life, health, habits, conduct, and mental and moral propensities." Williams v. New York, 337 U.S. 241, 245, 1341, 69 S.Ct. 1079 [1082], 93 L.Ed. 1337, .... The freedom of a sentencing judge to consider the defendant's conduct subsequent to the first conviction in imposing a new sentence is no more than consonant with the principle, fully approved in Williams v. New York, supra, that a State may adopt the "prevalent modern philosophy of penology that the punishment should fit the offender and not merely the crime." Id., at 247, [69 S.Ct., at 1083] 93 L.Ed. at 1342.
Id. at 723, 89 S.Ct. at 2079-80.
While in the case sub judice, we are not confronted with a new sentence imposed at the conclusion of a new trial, we believe that the rationale of North Carolina v. Pearce is applicable here. As the United States District Court, Southern District of Florida, observed in a case with a factual situation similar to that in the case at bar:
[T]he sentence was imposed following revocation of probation, but it is also recognized that double jeopardy is no bar to a greater sentence as long as vindictiveness has no part in the new sentence. North Carolina v. Pearce, 409 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Gunsby v. Wainwright, 596 F.2d 654 (5th Cir.1979). The rationale of [these cases] allowing a longer sentence based on identifiable conduct not before the Court at the original sentencing should also be applicable to imposition of a sentence following revocation of probation.
Campbell v. Wainwright, No. 79-2688-Civ-SMA (S.D. Fla. Sept. 17, 1979) at page 2.
In another case holding likewise the same court observed as follows:
"[A] sentence imposed after probation has been violated can reflect the added basis for evaluating defendant's amenability to reform, namely, his response to probation."
* * * * * *
Under the authorities cited above, the Court holds that the Petitioner herein has not been subjected to double jeopardy. *1058 The cases like North Carolina v. Pearce indicate that only when a defendant is sentenced and then resentenced for precisely the same conduct does double jeopardy come into play. Such is not the case here, because it was the Defendant's violation of probation that triggered the resentencing. The State of Florida has chosen to subject probation violators to the sentence which might have originally been imposed on them in lieu of probation, and because the new sentence is based on the defendant's intervening conduct, the Constitution does not prohibit this.
Williams v. Wainwright, 493 F. Supp. 153, 155-56 (S.D.Fla. 1980) (footnote omitted), in part quoting State v. Ryan, 171 N.J. Super. 427, 436, 409 A.2d 821, 825 (1979).
In reaching our decision, we also approve of and adopt as our own the reasoning of Justice Frankfurter in his dissent in Roberts v. United States, 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41 (1943). In Roberts, the Court construed the federal probation statute then in effect, which contained basically the same language as does subsection 948.06(1), as prohibiting resentencing to a term exceeding that originally imposed. The Court expressly refused, however, to reach the question of the constitutionality of an increased second sentence, or more specifically, of whether an increased second sentence would violate the prohibition against double jeopardy. Id. at 265, 64 S.Ct. at 114.
Justice Frankfurter, joined by Chief Justice Stone and Justice Reed, dissented from the majority's statutory interpretation and proceeded to consider the statute's constitutionality, finding that it did not violate the Fifth-Amendment ban on double jeopardy. He reasoned as follows:
[T]he probation system is in effect a reliance on the future to reveal treatment appropriate to the probationer. In the nature of things, knowledge which may thus be gained is not generally available when the moment for conventional sentencing arrives. Since assessment of an appropriate punishment immediately upon conviction becomes very largely a judgment based on speculation, the function of probation is to supplant such speculative judgment by judgment based on experience.
* * * * * *
We certainly should not countenance the notion that a probationer has a vested interest in the original sentence nor encourage him to weigh the length of such a sentence against any advantages he may find in violating his probation. To bind the court to such a sentence is undesirable in its consequences and violative of the philosophy of probation.
* * * * * *
It would be strange if the Constitution stood in the way of a system so designed for the humane treatment of offenders. To vest in courts the power of adjusting the consequences of criminal conduct to the character and capacity of an offender, as revealed by a testing period of probation, of course does not offend the safeguard of the Fifth Amendment against double punishment. By forbidding that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb," that Amendment guarded against the repetition of history by trying a man twice in a new and independent case when he already had been tried once, see Holmes, J., in Kepner v. United States, 195 U.S. 100, 134, 49 L.Ed. 114, 126, 24 S.Ct. 797, 1 Ann.Cas. 655, or punishing him for an offense when he had already suffered the punishment for it. But to set a man at large after conviction on condition of his good behavior and on default of such condition to incarcerate him, is neither to try him twice nor to punish him twice. If Congress sees fit, as it has seen fit, to employ such a system of criminal justice there is nothing in the Constitution to hinder.
Roberts at 273-77, 64 S.Ct. at 118-19.
We agree with the reasoning of the United States District Court, Southern District of Florida, and of Justice Frankfurter, and find that respondent was not twice put in jeopardy. It was respondent's conduct which resulted in the stiffer second sentence, *1059 and imposition of the same does not offend the safeguards of the Fifth Amendment.
Having construed subsection 948.06(1) as allowing that which was done, and having found constitutional the action complained of, the decision of the district court is hereby reversed.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON and ALDERMAN, JJ., concur.