COWART, Judge.
The defendant was convicted of crimes and placed on probation with the condition that she continue certain medication. On February 25, 1985, the defendant was found guilty of violating her probation by failing to take medication on November 29, 1984. The defendant elected to be sentenced under the sentencing guidelines. The recommended guideline range was community control or 12-30 months incarceration. However, when she was sentenced on March 28, 1985, the trial judge departed from the recommended guideline sentence on the basis that she had violated her probation and sentenced defendant to 5 years confinement. This appeal was taken from the departure sentence.
The appellate public defender cites Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984), where this court held that a violation of probation was a sufficient reason for a sentence departing from the recommended guideline sentence. However, effective July 1, 1984, the sentencing guidelines were amended to provide that the maximum effect of a prior revocation of probation was to increase the recommended sentence to the next higher cell (guideline range). See The Florida Bar: Amendment to Rules, etc., 451 So.2d 824 (Fla. 1984). The next higher cell applicable to defendant’s sentence recommends “3 yrs. incarceration (30 mos. — 3V2).” The guidelines in effect at the time of defendant’s election and sentencing were applicable. State v. Jackson, 478 So.2d 1054 (Fla.1985); Cone v. State, 469 So.2d 945 (Fla. 5th DCA 1985). Therefore, the effect of a probation violation as authorizing a departure sen *405 tence under Carter had been superseded by the amendment to the rule providing for the increase by one cell block for a violation of probation. Therefore, the defendant’s sentence of 5 years was unauthorized in the absence of a proper departure and it is hereby vacated and the cause remanded for resentencing.
REVERSED AND REMANDED.
DAUKSCH and ORFINGER, JJ., concur.