508 So.2d 788 (1987)
Dolan Robert KELLY, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1966.
District Court of Appeal of Florida, Fifth District.
June 25, 1987.
James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph N. D'Achille, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
The defendant was convicted of Count I, burglary with battery (§§ 810.02 and 810.02(2)(a), Fla. Stat.), and Count II, robbery (§ 812.13(2)(c), Fla. Stat.). As to the burglary with battery (Count I) he was sentenced to ten years' imprisonment; as to the robbery (Count II) he was placed on two years' probation to run consecutive to the confinement *789 sentence on Count I. The defendant appealed and this court reduced the robbery conviction to petit theft and remanded for resentencing. Kelly v. State, 490 So.2d 1383 (Fla. 5th DCA 1986). At his sentencing hearing on remand the trial court not only sentenced the defendant on the petit theft charge (Count II) but purported to vacate the prior sentence on the burglary with battery charge (Count I) and to resentence the defendant on that charge to ten years' imprisonment followed by two years' probation.[1] The defendant appeals the increased sentence as to Count I.
Jeopardy attached to the original sentence as to Count I (burglary with battery) when it was originally imposed. Neither the defendant nor the state appealed that sentence and it was unaffected by the prior appeal. The purported resentencing as to Count I violated the defendant's constitutional rights against double jeopardy. See Fasenmyer v. State, 457 So.2d 1361 (Fla. 1984), cert. denied, 470 U.S. 1035, 105 S.Ct. 1407, 84 L.Ed.2d 796 (1985); Troupe v. Rowe, 283 So.2d 857 (Fla. 1973). Fasenmyer is not adversely affected by Pennsylvania v. Goldhammer, 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985) which relied on United States v. DiFrancesco, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). DiFrancesco was considered in Fasenmyer, 457 So.2d at 1365 n. 4.
The resentencing as to Count I is vacated and the original sentence as to that Count dated December 3, 1985, is reestablished and reinstated.
SENTENCE MODIFIED AND AFFIRMED AS MODIFIED.
UPCHURCH, C.J., and SHARP, J., concur.
NOTES
[1] Being under a misimpression that the original sentence was ten years' imprisonment on the robbery (Count II) and two years' probation on the burglary with battery (Count I), the trial judge explained that he was resentencing defendant on the burglary with battery offense (Count I) to ten years' imprisonment followed by two years' probation in order to effectuate the court's intent of the original sentencing scheme. The new sentence of confinement followed by probation is also subject to the infirmity explained in Poore v. State, 503 So.2d 1282 (Fla. 5th DCA 1987).