513 So.2d 689 (1987)
Clyde Garland WAYNE, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2133.
District Court of Appeal of Florida, Fifth District.
September 3, 1987.
Rehearing Denied October 6, 1987.
*690 James B. Gibson, Public Defender, and Michael L. O'Neill, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
The defendant originally plead guilty to burglary of a structure, (section 810.02, Florida Statutes (1985)). The trial judge sentenced him to thirty months' incarceration to be followed by two and one-half years on probation. The defendant served the entire thirty months' incarceration and was released from confinement. During the following two and one-half years, a warrant for violation of probation was issued and the defendant admitted the violation of conditions of probation. The trial judge revoked the probation and resentenced him to four years' incarceration. The defendant appeals complaining that the new sentence was an unauthorized departure from the recommended guidelines sentence.
The real problem in this case is more fundamental than a mere unauthorized departure sentence. The problem is that the sentence form contained in Florida Rule of Criminal Procedure 3.986 has a proper provision for imposing a "split" sentence which is done under the appropriate statute[1] by imposing a sentence to a term of confinement, then providing that after service of some specified portion of that sentence, the balance of that sentence is to be suspended and the defendant is released from confinement and placed on probation (or community control) for a specified period. Then when the defendant violates probation (or community control), he can be recommitted under the original sentence and made to serve any portion of the suspended portion of the original confinement sentence. In such a case only one sentence is imposed and there is no double jeopardy problem.
The trouble in this case is caused by the sentence form in Rule 3.986 which also provides for what is erroneously presumed to be a second method of imposing a "split" sentence  imposing a period of confinement merely followed by a period of probation. In such a case, if the sentence of *691 confinement is served in full before the defendant is released on probation and the defendant later violates that probation, there is no suspended portion of the original sentence of confinement left to be served. The defendant, having already been sentenced once, cannot constitutionally be sentenced a second time for the same offense merely because he has violated the probation appended to the lawful sentence of confinement. This is all explained in Poore v. State, 503 So.2d 1282 (Fla. 5th DCA 1987), rev. pending, Supreme Court Case No. 70,397. See also, Kelly v. State, 508 So.2d 788 (Fla. 5th DCA 1987).
The difference between this case and Poore is that Poore had not served the full term of his sentence of confinement when he violated probation, therefore he could be recommitted under his original sentence for further confinement. However, in this case Wayne has served his full sentence of thirty months' confinement. Therefore, there is no portion of his sentence of confinement left for him to serve as a consequence of his probation violation. Constitutional double jeopardy prohibits him from being sentenced a second time for the same burglary and he must be released as to that charge.
Rule 3.986 should be modified to eliminate the misleading portion of the sentence form that attempts to provide for a "split" sentence by simply providing for a period of probation following a sentence of confinement no portion of which is suspended for later imposition in the event the defendant violates probation.
The sentence of November 13, 1986, relating to "the same offense" for which the defendant was sentenced on June 21, 1985, is vacated, and the defendant is discharged from further confinement as to this burglary offense.
SENTENCE VACATED.
UPCHURCH, C.J., concurs.
SHARP, J., dissenting with opinion.
SHARP, Judge, dissenting.
I dissent for the reasons expressed in my specially concurring opinion in Poore v. State, 503 So.2d 1282 (Fla. 5th DCA 1987). Kelly v. State, 508 So.2d 788 (Fla. 5th DCA 1987) is only in point if one accepts the majority's view that the facts of this case constitute an ab initio resentencing. That is the question, and one that needs answering by our supreme court.
NOTES
[1] Section 948.01(8), Florida Statutes (1985) provides:

(8) Whenever punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed, the court, in its discretion, may, at the time of sentencing, impose a split sentence whereby the defendant is to be placed on probation or, with respect to any such felony, into community control upon completion of any specified period of such sentence which may include a term of years or less. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant and direct that the defendant be placed upon probation or into community control after serving such period as may be imposed by the court. The period of probation or community control shall commence immediately upon the release of the defendant from incarceration, whether by parole or gaintime allowances.