DAUKSCH, Judge.
The jury found Alfredo Thompson guilty of robbery in violation of section 812.-13(2)(a), Florida Statutes (1983). Immediately upon conviction Thompson was adjudicated guilty and the sentencing hearing commenced. Thompson was sentenced within the presumptive guidelines range to twelve years incarceration with credit for 1,085 days served. The court imposed a $500 fine as well as the following costs: $3.00 pursuant to section 943.25(4), Florida Statutes (1985); $2.00 pursuant to section 943.25(8), Florida Statutes (1985); $20.00 pursuant to section 960.20, Florida Statutes (1985); and $200 pursuant to section 27.-3455, Florida Statutes (1985). Thompson appeals the imposition of these costs.
Thompson’s crime was committed on December 14, 1983. Therefore the trial court improperly imposed costs under section 27.-3455, Florida Statutes (1985). Yost v. State, 507 So.2d 1099 (Fla.1987).
This court has held that it is error to impose costs under sections 943.25 and 960.20, Florida Statutes (1985) where a defendant is indigent and is not provided with notice and an opportunity to he heard. Brooks v. State, 490 So.2d 173 (Fla. 5th DCA 1986) citing Jenkins v. State, 444 So.2d 947 (Fla.1984). In the instant case the costs were imposed at sentencing which took place immediately upon conviction and Thompson was not afforded notice or an opportunity to be heard.
The costs entered pursuant to section 27.3455 are reversed and the case is remanded for a hearing on the issue of costs, with proper notice to Thompson and a determination of his ability to pay.
REVERSED and REMANDED.
ORFINGER and COBB, JJ., concur.