515 So.2d 254 (1987)
Eugene WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-113.
District Court of Appeal of Florida, Fifth District.
September 10, 1987.
Rehearing Granted and Mandate Stayed October 1, 1987.
Eugene Wilson, Lowell, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
Following a guilty plea entered pursuant to a plea agreement in a sexual battery case (No. 83-1346), the defendant was adjudicated a youthful offender (section 958.04, Florida Statutes). On February 1, 1984, he was sentenced in accordance with section 958.04(2)(c), Florida Statutes, to a term of six years' confinement with a provision that after four years he be placed on community control for two years. This split sentence specifically stated that:
if you violate any of the conditions of your Community Control, you may be arrested and the Court may revoke your Community Control and require you to serve the balance of said sentence. [emphasis supplied]
After serving his initial incarceration of four years, the defendant violated his community control conditions by again breaking the law by selling or possessing cocaine, for which he was charged in Case No. 86-1190. The defendant plead nolo contendere to possession of cocaine. As to the sexual battery offense, the trial court sentenced the defendant to thirteen years' incarceration with credit for the 834 days previously served. On the cocaine possession charge, the defendant was sentenced to five years' probation, to be served consecutive to the sentence in Case No. 83-1346, which disposition constituted a downward departure from the recommended guideline sentence. The defendant appeals the sentence of thirteen years incarceration in the sexual battery case (Case No. 83-1346), but the State did not appeal the *255 downward departure disposition in the cocaine case.[1]
As explained in Poore v. State, 503 So.2d 1282 (Fla. 5th DCA 1987), upon violation of community control (or probation) imposed as part of a true split sentence, as in this case, the defendant cannot be sentenced a second time for the same offense, but can only be recommitted to confinement to serve the remainder of the original sentence.
Accordingly, as in Poore, the thirteen year sentence dated December 17, 1986 in Case No. 83-1346, is vacated and the cause is remanded for recommitment of the defendant to confinement under the first sentence in that case dated February 1, 1984. The conviction and sentence in Case No. 86-1190 are affirmed.
SENTENCE VACATED; CAUSE REMANDED.
ORFINGER J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
I respectfully dissent for the reasons expressed in my special concurring opinion in Poore v. State, 503 So.2d 1282 (Fla. 5th DCA 1987).
NOTES
[1] See Kelly v. State, 508 So.2d 788 (Fla. 5th DCA 1987).