519 So.2d 1154 (1988)
Michael R. McKINLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1843.
District Court of Appeal of Florida, Fifth District.
February 18, 1988.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, W., Chief Judge.
McKinley appeals an order resentencing him for two unrelated offenses (attempted second degree murder and forgery), together with costs. He previously appealed the attempted second degree murder sentence, and jurisdiction was relinquished to the lower court for resentencing.[1] However, the trial judge resentenced McKinley not only on the attempted second degree murder conviction, but also on the forgery conviction which was unaffected by the appeal. The latter resentencing was improper and we vacate it and reinstate the original sentence which shall run concurrent to the attempted second degree murder sentence. Kelly v. State, 508 So.2d 788 (Fla. 5th DCA 1987).
McKinley had originally been sentenced to 12 years imprisonment on the attempted second degree murder offense. The amended scoresheet reveals a total of 123 points, which equates to a recommended guideline sentence of 3 to 7 years incarceration. On resentencing, McKinley received a split sentence; 7 years incarceration followed by 8 years probation. The maximum legal sentence for attempted second degree murder is 15 years.[2] If the incarcerative portion of a split sentence does not exceed the guidelines, and the total sentence does not exceed the legal maximum sentence, the sentence is not a departure sentence. Cain v. State, 506 So.2d 1125 (Fla. 1st DCA 1987); McDowell v. State, 491 So.2d 594 (Fla. 5th DCA 1986), approved in part, quashed in part, 509 So.2d 927 (Fla. 1987). We therefore affirm the sentence for attempted second degree murder.
*1155 Finally, costs were erroneously imposed under section 27.3455(1), Florida Statutes (1985) as the offenses were committed prior to the effective date of that statute. They are therefore stricken. State v. Yost, 507 So.2d 1099 (Fla. 1987); Thompson v. State, 512 So.2d 298 (Fla. 5th DCA 1987).
REINSTATE FORMER SENTENCE FOR FORGERY; AFFIRM ATTEMPTED SECOND DEGREE MURDER SENTENCE; STRIKE COSTS.
ORFINGER, J., concurs.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially.
I concur with the majority opinion. However, a sentence of "7 years incarceration followed by 8 years probation" is not a split sentence and is subject to the infirmity explained in Poore v. State, 503 So.2d 1282 (Fla. 5th DCA 1987), rev. granted, No. 70,397 (Fla. July 22, 1987).[1] However that problem does not render the sentence per se unlawful because, while the problem is latent[2] and inherent, it is only potential and matures after the defendant serves the entire "unsplit" sentence of confinement (here seven years), violates the probation imposed, and the trial court, in an attempt to punish him for the probation violation, violates the defendant's double jeopardy rights by attempting to "resentence" him a second time to a longer period of confinement for the original offense. If the supreme court agrees with Poore, the result will be to render ineffectual and superfluous a provision for probation which is merely appended to a valid "unsplit" sentence of confinement rather than properly splitting the execution of the one valid sentence of confinement and reserving or deferring some portion of it to be imposed in the event the probation is violated.
NOTES
[1] Both McKinley and the State agreed to relinquish jurisdiction to the trial court for resentencing and for correction of a scoresheet error.
[2] §§ 782.04, 777.04(4)(b), Fla. Stat. (1985).
[1] See also Wilson v. State, 515 So.2d 254 (Fla. 5th DCA 1987); Wayne v. State, 513 So.2d 689 (Fla. 5th DCA 1987); Kelly v. State, 508 So.2d 788 (Fla. 5th DCA 1987).
[2] "Latent" is an understatement. The constitutional problems involved in attempting to sentence a defendant a second time after a prior valid sentence has been imposed merely because the trial court inappropriately dangles a period of probation after a term of confinement, rather than splitting a term of confinement around a period of probation, is often not recognized or understood. The problem lies in the failure to discern that a "sentence" means punishment by confinement or fine while probation is a conditional deferment of a sentence. To say that probation is not a sentence is not a semantical thing; it is of fundamental substance in view of the constitutional prohibition against double jeopardy which applies to sentences (punishment), as well as to trials and convictions, but does not apply to probation. Constitutionally, as to one offense, a defendant can be put on probation many times (i.e., any number of times he may violate probation and it can be terminated and yet he be again placed on probation, with new conditions, etc.) but he can be sentenced for "the same offense" but once. This is why it is imperative, as section 948.01(8), Florida Statutes contemplates, that in a sentencing procedure in which a period of probation follows a period of confinement (in cases other than where a period of confinement is imposed as a condition of probation), the lawful sentence or period of confinement should be "split" and a portion should be reserved to be imposed if, and when, probation is violated. The confusion of these concepts in Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1980), distressed experienced criminal court judges and has led to much avoidable confusion. A sentence (meaning a period of confinement) and probation (or community control) are legal "apples" and "bananas" and should not be confused. Actually, each is legally the antithesis of the other. Further confusion of these concepts was assured by the language in the committee note to the sentencing guidelines (Florida Rule of Criminal Procedure 3.701(d)(12)) to the effect that when a split sentence is imposed the incarcerative portion shall not exceed the maximum of the range, and the implication therein that a split sentence can be any combination of state prison and probation supervision. This implication is reinforced by the sentence form in Rule 3.986 which misleadingly provides for a "split sentence" by suggesting a period of probation merely following an "unsplit" period of confinement. See Wayne v. State, 513 So.2d 689 (Fla. 5th DCA 1987).