526 So.2d 159 (1988)
Robert Bernard FRANKLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-522.
District Court of Appeal of Florida, Fifth District.
May 24, 1988.
*160 James B. Gibson, Public Defender and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
On October 14, 1983, the defendant was sentenced as a youthful offender to two concurrent terms of three years in a youthful offender facility to be followed by three years community control. After the defendant had completed the incarcerative portions of his youthful offender sentences and while on community control, affidavits of violations were filed to which the defendant entered a plea of guilty. The defendant elected to be resentenced under the guidelines and a sentencing guidelines scoresheet was prepared which scored the defendant in the twelve to seventeen year range. The range would have been seventeen to twenty-two years with a one cell enhancement for violation of probation. The defendant was sentenced to two concurrent terms of fifteen years incarceration, with credit for time served. A notice of appeal was filed and the public defender filed an Anders[1] brief on the defendant's behalf.
After reviewing the file as required by State v. Causey, 503 So.2d 321 (Fla. 1987), we directed the public defender to file a supplemental brief addressing the applicability of Poore v. State, 503 So.2d 1282 (Fla. 5th DCA 1987),[2] and Wayne v. State, 513 So.2d 689 (Fla. 5th DCA 1987).[3] In Poore, a youthful offender was sentenced to a term of four and one-half years, with the incarcerative portion of the sentence suspended after two and one-half years and the defendant placed on probation for two years. After serving his period of confinement, the defendant in Poore was placed on probation which he proceeded to violate. The defendant elected to be "resentenced" under the guidelines, but this court held that the defendant had no right to elect, as there was no authority or necessity to impose a second sentence. Instead, the court held that the defendant should have been recommitted to serve the remainder of the suspended sentence. In addition, in dictum in Poore, the court stated that section 948.06(1), Florida Statutes (1987), which allows a court upon revoking probation, to impose any sentence which it might have originally imposed, applied only to cases where a defendant was originally placed on straight probation without any incarceration. We reaffirm the result in Poore, but we now recede from the dictum *161 in Poore which was later relied on in Wayne.[4]
The defendant in Wayne was sentenced to thirty months incarceration to be followed by two and one-half years probation. After serving his thirty months, the defendant was released on probation which he subsequently violated. The trial court "resentenced" the defendant to four years incarceration but this court vacated the sentence and ordered the defendant discharged, relying on Poore. The court held that since there was no suspended period of confinement left to be served, as there had been in Poore, the defendant could not constitutionally be sentenced a second time to further incarceration for the same offense, merely because he had violated the probation appended to a lawful sentence. That holding renders the probation imposed subsequent to incarceration a nullity, because the trial judge has no power to impose a penalty for its violation, and we conclude that such result is in conflict with established precedent and logic.
In State v. Payne, 404 So.2d 1055 (Fla. 1981), the Florida Supreme Court addressed the question of whether double jeopardy was involved when sentencing a defendant after revocation of probation. The defendant in Payne was sentenced to one year imprisonment which was "suspended" and the defendant was placed on three years probation. When the defendant's probation was revoked because of a violation, and a five year prison term imposed, the defendant claimed that the new sentence violated the double jeopardy clauses of the United States and Florida Constitutions and that he could not be resentenced to more than the originally imposed one year imprisonment. However, the court in Payne found that double jeopardy comes into play only when a defendant is sentenced and then resentenced for precisely the same conduct, as discussed in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). On the other hand, where a defendant's own actions in violating probation have triggered the resentencing, the court found that the state of Florida has chosen to subject the probation violator to any sentence which might have originally been imposed. Since the new sentence is based on the defendant's intervening conduct, neither the United States nor Florida constitutions prohibit such action. Payne, 404 So.2d at 1057.
The court in Payne expressly adopted the reasoning of Justice Frankfurter in his dissent in Roberts v. United States, 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41 (1943),[5] in which he said:
We certainly should not countenance the notion that a probationer has a vested interest in the original sentence nor encourage him to weigh the length of such a sentence against any advantages he may find in violating his probation. To bind the Court to such a sentence is undesirable in its consequences and violative of the philosophy of probation.
Id., 320 U.S. at 274, 64 S.Ct. at 118. In conclusion, the court in Payne found that it was the defendant's conduct which resulted in the stiffer second sentence, and such a sentence does not offend the safeguards of the Fifth Amendment. See also Williams v. Wainwright, 650 F.2d 58 (5th Cir.1981) (increased sentence of incarceration after revocation of probation which followed imprisonment does not violate the Fifth or Fourteenth Amendment prohibition against double jeopardy since the increase is based on defendant's subsequent conduct). The same reasoning applies in this case. Because it was the defendant's own behavior *162 which resulted in the revocation of probation, resentencing him to a longer period of incarceration does not violate double jeopardy principles. We recede from any dicta to the contrary in Poore.
In Wayne, the court suggests that the sentencing form set out in Florida Rule of Criminal Procedure 3.986 should be modified because it "[p]rovides for what is erroneously presumed to be a second method of imposing a `split' sentence." Wayne, 513 So.2d at 690. However, the form in Rule 3.986 was amended by the Florida Supreme Court in 1981 to specifically provide for the two separate sentencing alternatives of either a term of incarceration to be followed by a period of probation or a total term of incarceration suspended to probation after a specified time.[6] We cannot and should not assume that the court did not consider double jeopardy principles or that it intended that the trial judge perform a meaningless act if it selected the first probation alternative. In McKinley v. State, 519 So.2d 1154 (Fla. 5th DCA 1988), we concluded that a sentence of incarceration to be followed by a term of probation was a split sentence, and that so long as the incarcerative portion did not exceed the guidelines and the total restraint did not exceed the statutory maximum sentence, the sentence was not a departure. 519 So.2d at 1154. In his concurring opinion in McKinley, Judge Cowart nonetheless asserts that although a sentence according to the first alternative is not illegal per se, it is potentially and inherently infirm since the provision for probation is superfluous and unenforceable upon a violation. Judge Cowart contends that it is imperative that a portion of the defendant's lawful sentence be reserved, to be imposed if and when probation is violated. Id. at 1155.
However, in State v. Jones, 327 So.2d 18 (Fla. 1976), overruled on other grounds, Villery v. Parole and Probation, 396 So.2d 1107 (Fla. 1981), the court specifically rejected this asserted necessity of suspending a portion of a split sentence. In Jones, the defendant was sentenced to one year in the county jail to be followed by five years probation. The trial court in Jones then reconsidered and reduced the jail time to time served, but continuing the five years probation. The Jones court held that a trial judge is not required to impose a total sentence and then immediately withhold a portion for use in the event that probation is violated, since such a requirement would conflict with section 948.06, Florida Statutes, authorizing a trial judge to impose any sentence he might have originally imposed after revoking probation. Instead, the court interpreted section 948.01(4), Florida Statutes,[7] which states that in a split sentence, the court shall "withhold the imposition of the remainder of the sentence" to mean merely that the time spent in jail must be within the maximum jail sentence which could be imposed. Id. at 25. The court in Jones found no legislative intent to require an initial imposition of the total sentence and therefore rejected the defendant's contention that his punishment after revocation of probation must be limited to the originally imposed one year imprisonment.
Likewise, in Payne, the court affirmed the sentence of five years incarceration after revocation when the original sentence was only one year followed by three years probation. Again the court held that the defendant could be sentenced upon revocation to any term which could have originally been imposed. Conspicuously, the court made no mention in Payne of any requirement to withhold a portion of the incarceration. It appears clear, therefore, that Rule 3.986, rather than being an error, was in fact a clarification of the two separate split sentence alternatives available to the courts. While a judge may clearly withhold a portion of a term of imprisonment and place a defendant on probation for the withheld portion with the understanding that upon revocation of probation, the withheld portion of the sentence will reactivate, this is not the only possible sentencing alternative. In such circumstances, a judge is limited to merely recommitting *163 the defendant to the balance of the preset term of incarceration upon a violation of probation. However, in sentencing a defendant to incarceration followed by probation, the court is limited only by the guidelines and the statutory maximum in punishing a defendant after a violation of probation. Accordingly, while we affirm the holding of Poore that in a so-called "true split sentence", the court is limited to recommitting the defendant to the balance of the suspended term, we recede from the dictum in Poore and from Wayne, Wilson and Kelly, insofar as they stand for the proposition that a court cannot resentence a defendant to further incarceration after he has violated probation which follows a term of incarceration.
Having considered and rejected any double jeopardy or split sentence problems in this case, the next question is whether the defendant's sentence is proper since he was initially sentenced under the Florida Youthful Offender Act.[8] This court, in Johnson v. State, 482 So.2d 398 (Fla. 5th DCA 1985) specifically held that a defendant originally sentenced as a youthful offender may, upon violation of a term of probation or community control, be resentenced in accordance with section 948.06(1), Florida Statutes, without reference to the youthful offender provisions. See also Brooks v. State, 478 So.2d 1052 (Fla. 1985); Hill v. State, 486 So.2d 1372 (Fla. 1st DCA 1986); Crosby v. State, 487 So.2d 416 (Fla. 2d DCA 1986). Although the Youthful Offender Act was amended in 1985 to provide that no youthful offender shall be committed to the department upon a violation of probation for a period longer than six years or the statutory maximum, whichever is less,[9] the amendment does not require a court to reclassify a defendant as a youthful offender after a violation. See Crosby, supra. Accordingly, section 948.06 may still be applied when the court determines that the defendant should no longer be classified as a youthful offender, allowing the court to sentence a defendant after revocation to any term which could have been originally imposed without reference to the act.
At the time the defendant in this case was originally sentenced as a youthful offender, the sentencing guidelines specifically provided that sentences under the Youthful Offender Act need not conform to the guidelines.[10] As of July 1, 1984, the guidelines were amended to require that youthful offender sentences be in conformity with the guidelines.[11]See State v. Weston, 510 So.2d 1001 (Fla. 3d DCA 1987). The defendant in this case affirmatively elected to be resentenced under the guidelines. See Solomon v. State, 490 So.2d 1025 (Fla. 1st DCA 1986). Furthermore, the guidelines are specifically made applicable to any sentence imposed after revocation of probation.[12] The defendant's sentence of fifteen years was clearly within the guidelines in effect at the time of his resentencing.[13]See Thomas v. State, 482 So.2d 404 (Fla. 5th DCA 1985), rev. denied, 491 So.2d 281 (Fla. 1986); Saavedra v. State, 478 So.2d 479 (Fla. 4th DCA 1985); Wahl v. State, 474 So.2d 328 (Fla. 2d DCA 1985); Cone v. State, 469 So.2d 945 (Fla. 5th DCA 1985).
In conclusion, we find that a defendant may be sentenced to a term of incarceration to be followed by a period of probation and if the probation is violated after the term of incarceration has been completed, *164 the defendant may nonetheless be resentenced to any term which could have originally been imposed without violating the double jeopardy clause since the resentencing is the result of defendant's subsequent actions. The court must, however, give full credit for the prior incarceration. We recede from any dicta to the contrary in Poore, and from Wayne, Wilson and Kelly, and affirm the conviction and sentence in this case. However, since Poore and Wayne are presently before the Florida Supreme Court for review, we certify the following question as of great public importance:
HAVING SENTENCED A DEFENDANT TO A TERM OF INCARCERATION FOLLOWED BY PROBATION OR COMMUNITY CONTROL, MAY THE COURT AFTER A VIOLATION OF THE PROBATION OR COMMUNITY CONTROL, IMPOSE ANY SENTENCE WHICH COULD HAVE BEEN ORIGINALLY IMPOSED WITH CREDIT FOR TIME SERVED AND MUST SUCH SENTENCE BE WITHIN THE GUIDELINE RANGE UNLESS VALID REASONS FOR DEPARTURE ARE GIVEN
AFFIRMED. QUESTION CERTIFIED.
SHARP, C.J., and DAUKSCH, COBB and DANIEL, JJ., concur.
COWART, J., dissents.
COWART, Judge, dissenting.
I can neither conceptualize nor rationalize a constitutional basis for upholding any procedure by which, as punishment for one conviction of one crime, a defendant can be sentenced to one definite term of confinement with a provision that thereafter, depending on some subsequent event such as violation of court-imposed conditions on the defendant's liberty, he can again and again be haled back into court and each time again be sentenced for "the same offense" to further periods of confinement, the length of each successive period to be determined and set by each succeeding sentence. The imposition of second and subsequent sentences of confinement based on one conviction of one criminal offense cannot be legally rationalized or justified as being "the result of defendant's subsequent actions." The double jeopardy clauses of the state and federal constitutions prohibit the imposing of such successive, multiple sentences for "the same offense."
I have no particular dispute with Judge Orfinger's well-written opinion but prefer the reasoning and result in the cases from which this court recedes. I hope that the Supreme Court of Florida will, if necessary, reconsider Jones and Payne, cited in the majority opinion, which I cannot read to uphold a procedure for the imposition of multiple, successive sentences of confinement based on one conviction of one criminal offense.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] Review granted, Florida Supreme Court Case No. 70,397 (July 22, 1987).
[3] Review granted, Florida Supreme Court Case No. 71,420 (February 17, 1988).
[4] We also recede from anything in Wilson v. State, 515 So.2d 254 (Fla. 5th DCA 1987) and Kelly v. State, 508 So.2d 788 (Fla. 5th DCA 1987), which were decided in reliance on Poore, which may be in conflict with this opinion.
[5] Although in Roberts, the majority interpreted the Federal Probation Act to prohibit a federal court from increasing a term of imprisonment after a probation violation, the Court declined to reach the constitutional question of double jeopardy. Justice Frankfurter in his dissent, not only disagreed with the Court's statutory interpretation, but addressed as well the constitutional issue, and would have held that such an increased sentence after a defendant violated probation does not offend either the Federal Probation Act or the Fifth Amendment safeguard against double punishment.
[6] See In re Florida Rules of Criminal Procedure, 408 So.2d 207 (Fla. 1981).
[7] Now section 948.01(8), Florida Statutes (1987).
[8] § 958.011, et seq., Fla. Stat. (1987).
[9] § 958.14, Fla. Stat. (1985).
[10] Fla.R.Crim.P. 3.701(d)(11), Committee Note (1983).
[11] The Florida Bar: Amendment to Rules of Criminal Procedure, 451 So.2d 824 (Fla. 1984).
[12] Florida Rule of Criminal Procedure 3.701d.14.: "Sentences imposed after revocation of probation or community control must be in accordance with the guidelines." This rule would not apply in a true split sentence situation where a defendant is merely recommitted to the suspended incarceration after revocation.
[13] Miller v. Florida, ___ U.S. ___, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) does not apply in this case since there were no guidelines in effect at the time the original offense was committed and at the time of election, the defendant clearly had fair warning and notice of the amended guidelines so that no ex post facto concerns are involved.