COWART, Judge,
dissenting.
The defendant was convicted of robbery while carrying a weapon (§ 812.13(2)(b), Fla.Stat.), a felony of the first degree punishable under section 775.082(3)(b), Florida Statutes, by a term of imprisonment not exceeding 30 years. The defendant’s guidelines scoresheet resulted in 233 points, indicating a recommended guidelines sentence of 12-17 years.
The sentence pronounced was:
The Defendant is hereby committed to the custody of the Department of Corrections ... for a term of 27 years DOC (split sentence). However, after serving a portion of 17 years imprisonment in DOC the balance of such sentence shall be suspended and the Defendant shall be placed on probation for a period of 10 years under supervision of the Department of Corrections according to the terms and conditions of probation set forth in a separate order entered herein.[1]
*1220 This is a classic true “split sentence”[2] authorized by section 948.01(8), Florida Statutes,[3] with a “prescribed” punishment of imprisonment for 27 years, and with directions that after completion of a “specified portion” of such sentence (17 years in this case), the “imposition” (meaning execution) of the remainder of the 27 year sentence (being 10 years) is stayed and withheld (statutory language) or “suspended” (language from state sentencing form) and the defendant placed on probation for 10 years. Under this split sentence, after the defendant serves 17 years of the 27 year sentence (less gain time), he is to be released from actual confinement and placed on probation for 10 years. The effect of this sentence is that if the defendant successfully completes the 10 year probationary term, he will never be compelled to serve the 10 year remainder of the 27 year sentence; but that, if during such probationary term of 10 years he is adjudicated to have violated his probation, the probation can be terminated and he can be recommitted to serve the remainder (10 years) of the 27 year sentence that has already been pronounced (and “imposed”) on him. Under a split sentence as authorized by section 948.01(8), Florida Statutes, one single sentence of confinement is pronounced and that term is then “split” into two portions and a period of probation is sandwiched between the two portions of confinement. When the probation in a split sentence is violated and terminated, the defendant is not resentenced[4] as if an illegal sentence had been reversed on appeal. Nor can the trial court “impose any sentence which it might have originally imposed before placing the probationer or offender on probation or into community control” (quoted from the last sentence of section 948.06(1), Florida Statutes) as the trial court can do when it originally stays and withholds the “imposition of sentence” and places the defendant upon probation as authorized under section 948.01(3), Florida Statutes, in lieu of either (1) imposing a sentence of straight confinement or (2) imposing a split sentence under section 948.-01(8), Florida Statutes.
*1221 The 27 year sentence in this case is in good form and style and is within the statutory maximum sentence of 30 years. Yet, while “split,” it still constitutes a 27 year sentence and a departure from the recommended guidelines sentence of 12-17 years and no clear and convincing reasons were given for such departure as is required by Florida Rule of Criminal Procedure 3.701(d)(ll). Therefore, the sentence in this case should be vacated and the cause remanded for resentencing in accordance with the guidelines sentencing rule.

. IT IS THE SENTENCE OF THE LAW that;
[[Image here]]
*1220 To be imprisoned (check one; unmarked sections are inapplicable)
[[Image here]]

. See generally Poore v. State, 503 So.2d 1282 (Fla. 5th DCA 1987), receded from in part, Franklin v. State, 13 F.L.W. 1269 (Fla. 5th DCA May 24, 1988), rev. granted, No. 70,397 (Poore v. State) (Fla. July 22, 1987); Wilson v. State, 515 So.2d 254 (Fla. 5th DCA 1987).

. § 948.01 When court may place defendant on probation or Into community control.— (8) Whenever punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed, the court, in its discretion, may, at the time of sentencing, impose a split sentence whereby the defendant is to be placed on probation or, with respect to any such felony, into community control upon completion of any specified period of such sentence which may include a term of years or less. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant and direct that the defendant be placed upon probation or into community control after serving such period as may be imposed by the court. The period of probation or community control shall commence immediately upon the release of the defendant from incarceration, whether by parole or gain-time allowances.

.See Kelly v. State, 508 So.2d 788 (Fla. 5th DCA 1987).