COWART, Judge,
dissenting.
For the reasons stated in Poore v. State, 503 So.2d 1282 (Fla. 5th DCA 1987), rev. granted, No. 70,392 (Fla. July 2, 1987) and in Wayne v. State, 513 So.2d 689 (Fla. 5th DCA 1987); and the dissent in Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988), a sentence of a flat term of incarceration merely followed by a term of probation should not be considered a split sentence as defined and authorized in section 948.01(8), Florida Statutes, and as is exempted by the last sentence in section 948.04(1), Florida Statutes, from the probation time limitations contained in that statute. As far as the sentencing guidelines are concerned, in this case the 10 years’ probation appended to the 7 years’ incarceration should be merely stricken as being surplusage and the remaining incarcerative sentence of seven years affirmed as being within the 5-7 years recommended guidelines range. See the specially concurring opinion in McKinley v. State, 519 So.2d 1154 (Fla. 5th DCA 1988) and the dissents in Carr v. State, 528 So.2d 406 (Fla. 5th DCA 1988), McKee v. State, 528 So.2d 417 (Fla. 5th DCA 1988), and Hankey v. State, 529 So.2d 736 (Fla. 5th DCA 1988).
The seven year term of confinement is less than the statutory maximum confinement for this offense, which, under section 775.082(3)(c), Florida Statutes, is 15 years.
In 1967, when the supreme court adopted the first Florida Rules of Criminal Procedure (196 So.2d 124), committee notes were included for the benefit of the bench and bar. Florida Rule of Criminal Procedure 1.790 was adopted to procedurally implement the provisions for probation contained in sections 948.01(1), (2) and (3), Florida Statutes. That rule is now Rule 3.790, and, then and now, clearly states that “[pronouncement and imposition of sentence of imprisonment shall not be made upon a defendant who is to be placed on probation....” The committee note observed that:
A probationary period is not a sentence and any procedure that tends to mix them is undesirable, even though this mixture is accomplished by nothing more than terminology used by the trial court in its desire to place a person on probation.
196 So.2d at 171.
The 1985 committee note to Rule 3.701(d)(12) attempting to mix incarceration and probation into a “total sanction” having a limiting effect on sentences, is certainly contrary to the warning of the 1967 committee note to Florida Rule of Criminal Procedure 1.790.
In 1967 (Laws of Florida ch. 67-28 § 1 and ch. 67-204 § 1, (codified at § 948.01(4), Fla.Stat.)) the Florida legislature made a provision for the splitting of a sentence of confinement in the county jail, and in 1974, at the behest of the court of record judges in the state, the legislature extended that provision to also relate to confinement for non-felonies (Laws of Florida ch. 74-112, § 12).
The Third District Court of Appeal was eminently correct in the holding in Robinson v. State, 256 So.2d 390 (Fla. 3d DCA 1972) that a provision for probation after a prison term was unauthorized in law and illegal, and correct in holding in Williams v. State, 280 So.2d 518 (Fla. 3d DCA 1973) and in many cases following Williams, that a sentence of confinement merely followed by a period of probation was not a split sentence as described in, and authorized by, then section 948.01(4) (now section 948.-01(8), Florida Statutes). See also Ex Parte Bosso, 41 So.2d 322 (Fla.1949) and Massey v. State, 389 So.2d 712 (Fla. 2d DCA 1980). The rejection of those views, and of the underlying constitutional double jeopardy basis for them, in State v. Jones, 327 So.2d 18 (Fla.1976) and in State v. Payne, 404 So.2d 1055 (Fla.1981), is the root of a related group of complex sentencing problems that will persist until corrected by the Florida Supreme Court or the federal judiciary. The sentencing guidelines place but another layer of confusion and complexity on a group of pre-existing underlying problems.
Even if a sentence of incarceration merely followed by a period of probation is considered a lawful sentence, contrary to implication of the last sentence in the 1985 *1325 Committee Note to Rule 3.701(d)(12) to the effect that the total sanction (incarceration and probation) should not exceed the term provided by general law, that committee note does not, and can not, override the clear legislative intent that a maximum lawful period of imprisonment for an offense is controlled by section 775.082, Florida Statutes, and that the maximum lawful period of probation is provided for in section 948.04, Florida Statutes. Section 775.-082 has nothing to do with any time limitation on probation and vice versa. Contrary to implication in the last sentence to the 1985 Committee Note to Rule 3.701(d)(12), the period of probation in a true split sentence imposed under section 948.01(8), Florida Statutes, is not added to a period of incarceration in the split sentence in determining whether or not the total sanction (or “total restraint”) complies with, or exceeds, the maximum lawful period of imprisonment provided in section 775.082, Florida Statutes.[1] The sentencing guidelines committee’s interpretation of these statutes is not authoritative and is erroneous and confusing in this instance. Certain appellate cases, together with certain language in the guidelines sentencing rule, have totally confused the meaning and purpose of the legislative time constraints on imprisonment provided in section 775.082; the time constraints on probation provided in section 948.04(1); the statutory concept of a split sentence as described in section 948.01(8), and the application of the guidelines sentencing rule to both true split sentences and the hybrid type of sentences approved in Franklin, to the detriment of the law in this important area.
The sentence of seven years’ confinement should be affirmed.

. Peculiarly, the body of Rule 3.701(d)(12) rather clearly provides only that the "total sentence" (referring to the total sentence covering several separate offenses and not the combined periods of confinement and probation involved within one split sentence) cannot exceed the total guidelines sentence unless written reasons for departure are given, and does not in any way attempt to address split sentences or the statutory time limitations on sentences of imprisonment contained in section 775.082, Florida Statutes, or the statutory time limitations on probation contained in section 948.04(1), Florida Statutes.