JOANOS, Judge.
Richard Foister appeals the sentence imposed by the trial court after this court found his original ten year sentence was predicated upon invalid departure reasons. See Foister v. State, 510 So.2d 371 (Fla. 1st DCA 1987) (Foister I). The issue in this appeal concerns the propriety of applying the 1984 amended sentencing guidelines at resentencing. We affirm.
The record in this case reflects that on December 9, 1985, the state filed amended informations, charging appellant with commission of two incidents of lewd and lascivious acts upon a child under sixteen years of age. In Case No. 85-1092, the offense allegedly occurred between January 1, 1983, and January 1, 1984. In Case No. 85-1102, the offense allegedly occurred between September 1, 1984, and December 31, 1984.[1]
*1131 During the sentencing proceeding, appellant’s counsel objected to use of the same guidelines scoresheet which had been used in the prior sentencing. Counsel urged that it was not the scoresheet form in use on the date charged in the information.[2] According to defense counsel, appellant should be sentenced pursuant to the guidelines scoresheet in effect on October' 1, 1983. Counsel for the state responded that one of the offenses occurred between September and December 1984, after the effective date of the 1984 amendment to the sentencing guidelines. See Ch. 84-238, § 3, Laws of Fla.[3]
The trial court found that appellant entered a plea of nolo contendere to the amended informations, one of which alleged an offense occurring between January 1, 1983, and January 1, 1984, and a second information which alleged that the offense occurred between September and December 1984. In consideration of the different guideline provisions in effect at the time of the respective offenses, the trial court imposed a sentence of five and one-half years in Case No. 85-1092, and a concurrent sentence of five and one-half years in Case No. 85-1102, to be followed by a five-year period of probation with special conditions.
Resolution of the issue in this case requires consideration of the provisions of the Committee Note to Florida Rule of Criminal Procedure 3.701(d)(12).[4] On October 1, 1983, when the sentencing guidelines went into effect, the Committee Note to rule 3.701(d)(12) stated as follows:
The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall not exceed the guideline sentence, unless the provisions of paragraph 11 are complied with.
If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range, and the total sanction imposed cannot exceed the maximum guideline range.
The 1984 amendments to the sentencing guidelines changed the wording of the second paragraph of the Committee Note to rule 3.701(d)(12), to read:
If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law.
The language change was designed to “permit the sentencing court to impose probation terms consecutive to prison sentences, limited in length only by general law.” The Florida Bar: Amendment to Rules of .Criminal Procedure (3.701, 3.988 — Sentencing Guidelines), 451 So.2d 824, fn. (Fla.1984).
Since the 1984 amendment to the Committee Note to rule 3.701(d)(12), a convicted offender has been subject to a potential split sentence of incarceration and probation. The incarcerative portion of the sentence may not be less than the minimum guideline range, and the total sanction (the combined incarceration and probation) may not exceed the maximum term provided by general law. See Poore v. State, 531 So.2d 161 (Fla.1988) (Poore II); Thrasher v. State, 528 So.2d 474 (Fla. 1st DCA 1988); Millard v. State, 503 So.2d 939 (Fla. 1st DCA 1987).
*1132 In Poore, the supreme court examined Florida’s five basic sentencing alternatives: (1) confinement; (2) a “true split sentence,” where a portion of the confinement is suspended and the defendant is placed on probation for that suspended portion; (3) a “probationary split sentence,” where none of the confinement is suspended, but is followed by probation; (4) a Villery sentence, where confinement is imposed as a special condition of probation; and (5) straight probation. 531 So.2d at 164. The court emphasized that the “cumulative incarceration imposed after violation of probation always will be subject to any limitations imposed by the sentencing guidelines recommendation.” Id.
In Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988), the court considered a sentencing scheme analogous to the resentenc-ing disposition in the instant case. Franklin was sentenced to two concurrent terms of incarceration to be followed.by three years community control. After completing the incarcerative portion of the youthful offender sentences, Franklin violated his community control. The guidelines scoresheet indicated a recommended range of seventeen to twenty-two years, with a one cell enhancement for violation of probation. Franklin was then sentenced to two concurrent fifteen year sentences, with credit for time served.
To determine the propriety of the sentence imposed after violation of community control, the Franklin court relied upon State v. Payne, 404 So.2d 1055 (Fla.1981), in which the supreme court addressed the double jeopardy question attendant upon sentencing a defendant after revocation of probation. In Payne, the court observed that double jeopardy comes into play only when a defendant is sentenced and then resentenced for precisely the same conduct. See North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The court concluded that sentencing after violation of probation or violation of community control constitutes a new sentence which has been occasioned by the defendant’s intervening conduct, and thus is not proscribed by the federal or state constitutions. Payne, 404 So.2d at 1057. See also Franklin, 526 So.2d at 161. Relying on the Payne rationale, the court in Franklin found that “in sentencing a defendant to incarceration followed by probation, the court is limited only by the guidelines and the statutory maximum in punishing a defendant after a violation of probation.” 526 So.2d at 163. In so holding, the court receded from dictum in Poore v. State, 503 So.2d 1282 (Fla. 5th DCA 1987), disapproved by Poore v. State, 531 So.2d 161 (Fla.1988), and from Wayne v. State, 513 So.2d 689 (Fla. 5th DCA 1987); Wilson v. State, 515 So.2d 254 (Fla. 5th DCA 1987); and Kelly v. State, 508 So.2d 788 (Fla. 5th DCA 1987), insofar as those cases stood for the proposition that a court cannot resen-tence a defendant to further incarceration after a probation violation which follows a period of incarceration. Franklin, 526 So. 2d at 163.
In Poore II, the supreme court agreed with the Franklin court “that double jeopardy does not forbid the imposition of a longer period of incarceration when a petitioner violates probation in a probationary split sentence.” 531 So.2d at 164. Therefore, when a defendant has been sentenced in accordance with sentencing alternative three to a probationary split sentence, upon violation of probation, the trial court may “impose any sentence it originally might have imposed, with credit for time served and subject to the guidelines recommendation.” Id.
In the instant case, appellant pled nolo contendere to two separate violations of § 800.04, Florida Statutes, a second degree felony punishable by a maximum sentence of fifteen years. § 775.082(3)(c), Fla.Stat. (1983). The recommended guideline sentence was four and one-half to five and one-half years. In Case No. 85-1092, which allegedly occurred sometime between January 1, 1983, and January 1, 1984, the trial court imposed a five and one-half year period of incarceration. In Case No. 85-1102, which allegedly occurred between September 1984 and December 1984, after the effective date of the amended version of the Committee Note to rule 3.701(d)(12), the trial court imposed a con *1133 current five and one-half year period of incarceration, to be followed by a five-year period of probation.
We conclude that the sentencing determination in this case is consistent with the provisions of Florida Rule of Criminal Procedure 3.701(d)(12) and the Committee Note thereto, and with the supreme court’s analysis of Florida’s sentencing alternatives as set forth in Poore II. The incar-cerative portion of the sentence imposed in this case does not exceed the maximum guidelines range, and the total sanction (five and one-half years incarceration and five years probation) does not exceed the fifteen-year term provided by general law. Were appellant to violate his probation, the sentencing guidelines provide that the sentence may be increased to the next higher cell, without articulating a reason for departure. See Fla.R.Crim.P. 3.701(d)(14). In this case, the next higher cell contemplates a sentencing range of five and one-half to seven years. This means that in this case, the possible guidelines sanction for a probation violation could be incarceration for as much as seven years, which, with credit for time served, would equate to an eighteen month sentence for conduct subsequent to the original offense. Such a sentence is expressly authorized by the sentencing guidelines, and would not violate the double jeopardy prohibition. See Poore II, 531 So.2d at 163.
In summary, we find that the probationary split sentence imposed in this case falls within category three of the five basic sentencing alternatives enunciated in Poore II, and that it comports with the sentencing guidelines. Accordingly, the sentence appealed is affirmed.
WIGGINTON, J., concurs.
BARFIELD, J., dissents with opinion.

. The informations were not included in the record before this court. The reference to the offense dates as charged in the informations appears in the transcript of the second sentencing proceeding.

. At resentencing, appellant was not represented by the same attorney who represented him during the first sentencing.

. The guidelines scoresheets contained in the record before this court indicate the offense date to be January 1, 1983. The sentencing transcript indicates that the 1983 date was a typographical error. Although the informations were not included in the record (see note 1), the sentencing transcript reflects that the trial court referred to and read from the informations, as counsel debated the matter.

.The Committee Notes to the sentencing guidelines are part of the rules. The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988 — Sentencing Guidelines), 451 So.2d 824 (Fla.1984); Slappy v. State, 516 So.2d 342 (Fla. 1st DCA 1987).