PER CURIAM.
We affirm the order of the trial court denying appellant’s Motion to Correct Illegal Sentence. Appellant’s claim that the trial court imposed an illegally enhanced sentence because it failed to file written findings for a departure sentence is not reviewable under rule 3.800(a). See Davis v. State, 661 So.2d 1193, 1196 (Fla.1995) (rejecting argument that the failure to file written findings for a departure sentence renders a sentence an illegal sentence for purposes of a rule 3.800(a) motion).
We also find no merit in appellant’s claim that the sentence imposed upon revocation of his probation violated his constitutional safeguards against double jeopardy. See State v. Payne, 404 So.2d 1055, 1057-58 (Fla.1981) (holding that a defendant placed on probation pursuant to the terms of a plea agreement may be sentenced to a term in excess of the provisions of the original plea bargain upon violation and revocation of said probation); *301 and section 948.06(1), Fla.Stat. (2000) (“If such probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he or she has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer or offender on probation or into community control”).
Accordingly, we affirm.
STONE, GROSS and TAYLOR, JJ., concur.