505 So.2d 701 (1987)
Thomas Raymond HANKEY, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1586.
District Court of Appeal of Florida, Fifth District.
April 23, 1987.
James B. Gibson, Public Defender and James R. Wulchak, Asst. Public Defender, Daytona Beach, for appellant.
James A. Butterworth, Atty. Gen., Tallahassee and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Hankey was resentenced to thirty months incarceration, followed by two years community control, followed by five years probation. He had been convicted of burglary of a dwelling[1] and burglary of a structure.[2] The presumptive guideline sentence based on Hankey's 48 point count was "community control or 12 to 30 months incarceration," the second bracket of the category 5 scoresheet. Because no written reasons for a departure sentence were given, we vacate the sentence.
In this particular bracket it is clear that the presumptive sentence could only be either community control or 12 to 30 months incarceration. If incarceration was imposed, there could be no community control, based on the language of the guidelines. Similarly, the court could not have imposed incarceration time if it elected community control.
Accordingly, Hankey's sentence departed upward from the guidelines presumptive sentence. Since the trial judge failed to give any written reasons for aggravating Hankey's punishment, we must vacate the sentence and remand for resentencing. State v. Jackson, 478 So.2d 1054 (Fla. 1985).
VACATE SENTENCE; REMAND.
UPCHURCH, C.J., and COWART, J., concur.
NOTES
[1] § 810.02(3), Fla. Stat. (1983).
[2] § 810.02(1), Fla. Stat. (1983).