COBB, Judge.
The issue in this case is whether the trial court erred in sentencing the appellant, Daryl David Bodine, to imprisonment and to community control.
Pursuant to a plea of guilty, a judgment of guilt was entered against Bodine on July 14, 1982, for the offenses of burglary of a dwelling and grand theft; the imposition of sentence was withheld and Bodine was placed on probation. On June 2, 1986, Bo-dine entered a plea of guilty to a charge of probation violation. The trial court entered a judgment, pursuant to the plea of guilty, on the burglary and grand theft charges, and sentenced Bodine to imprisonment for 30 months on the burglary charge, followed by two years’ community control on the grand theft charge.[1]
Although Bodine’s recommended sentence was any nonstate prison sanction, the sentence imposed after revocation of probation could have been increased to the next higher cell[2] without requiring a reason for departure;[3] thus, Bodine argues that the trial court could have sentenced him to community control or to 12 to 30 months’ incarceration, but not both, since no written reasons for a departure sentence were given.
The present case is governed by Hankey v. State, 505 So.2d 701 (Fla. 5th DCA 1987), review denied, 515 So.2d 230 (Fla.1987). In Hankey, the defendant’s presumptive guideline sentence was community control or 12 to 30 months’ incarceration. This court determined:
In this particular bracket it is clear that the presumptive sentence could only be either community control or 12 to 30 months incarceration. If incarceration was imposed, there could be no community control, based on the language of the guidelines. Similarly, the court could not have imposed incarceration time if it elected community control.
Id. at 701. See also Avera v. State, 512 So.2d 215 (Fla. 5th DCA 1987); VanKooten v. State, 512 So.2d 214 (Fla. 5th DCA 1987).
Accordingly, since no written reasons for departure were given, Bodine’s sentence must be vacated and this case is remanded for resentencing.
As we did in Avera and VanKooten, we certify a conflict with our sister court’s opinion in Francis v. State, 487 So.2d 348 (Fla. 2d DCA), review denied, 492 So.2d 1332 (Fla.1986).
SENTENCE VACATED; REMANDED.
UPCHURCH, C.J., and DAUKSCH, J., concur.

.Bodine's guideline scoresheet total was 35 points, and the recommended range was any nonstate prison sanction.

. The next higher cell provided for community control or 12 to 30 months’ incarceration.

. See Fla.RXrim.P. 3.701 d.14.