519 So.2d 1156 (1988)
Julia Brown BROOKS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-646.
District Court of Appeal of Florida, Fifth District.
February 18, 1988.
James B. Gibson, Public Defender, and Barbara L. Condon, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Pamela D. Cichon, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
The recommended guidelines sentence on defendant's grand theft conviction was community control or twelve to thirty months' incarceration. She was given a split sentence which, in effect, sentenced her to thirty months' incarceration and twenty-four months' community control. This was a departure sentence under Hankey v. State, 505 So.2d 701 (Fla. 5th DCA), rev. denied, 515 So.2d 230 (Fla. 1987).[1] The trial court gave the following reason for departure:
At the sentencing hearing it was conclusively shown that the defendant suffers from the usually fatal and sexually transmittable disease known as AIDS. The defendant has a long history of prostitution and related charges.
The sentence imposed reflects a guidelines period of imprisonment, which the defendant richly deserves considering her record, and a period of twenty-four months' community control to be followed by probation. Community control was selected in order to afford the defendant maximum supervision in order to protect the public from the spread of the disease with which the defendant is afflicted.
We find this to be an improper reason for departure. The defendant's disease has absolutely nothing to do with the crime for which she was convicted and sentenced. While obviously the trial judge was concerned with protecting the public from the spread of AIDS, the sentencing process as to an unrelated crime is an improper vehicle to effectuate such concern. The departure sentence is reversed and remanded for the imposition of a guidelines sentence. Shull v. Dugger, 515 So.2d 748 (Fla. 1987).[2]
SENTENCE VACATED; CAUSE REMANDED.
ORFINGER and COBB, JJ., concur.
NOTES
[1] See also Bodine v. State, 517 So.2d 782 (Fla. 5th DCA 1988); Avera v. State, 512 So.2d 215 (Fla. 5th DCA 1987); VanKooten v. State, 512 So.2d 214 (Fla. 5th DCA 1987).
[2] We reject the defendant's contentions that the trial court imposed $225 in costs without giving her notice and opportunity to object and without making an inquiry into her ability to pay. See Reynolds v. State, 516 So.2d 1094 (Fla. 5th DCA 1987); Jones v. State, 513 So.2d 732 (Fla. 5th DCA 1987).