524 So.2d 475 (1988)
David Earl PRIMM, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2640.
District Court of Appeal of Florida, Second District.
April 27, 1988.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
David Primm appeals from his sentence for battery on a correctional officer. He argues that the trial court erred in exceeding the guidelines sentence without filing written reasons for departure. We agree and remand for resentencing within the guidelines.
*476 The appellant's score fell into the second cell range of two and one-half to three and one-half years in prison. He was sentenced to three and one-half years in prison and one and a half years' community control. He argues that this split sentence is a departure from the guidelines and that the trial court did not support the departure with written reasons. The state argues that a split sentence of incarceration and community control is a legal sentence not requiring written reasons for departure under Francis v. State, 487 So.2d 348 (Fla. 2d DCA 1986). In Francis this court held that as long as the incarcerative portion of the sentence is within the recommended guidelines range and the total sanction is within the statutory limit, the sentence is not a departure sentence and written reasons are not necessary.
The Florida Supreme Court recently disapproved Francis in State v. Van Kooten, 522 So.2d 830 (Fla. 1988), and held that when the presumptive guidelines sentence calls for community control or incarceration, the imposition of both sanctions represents a departure sentence and requires clear and convincing reasons for the departure. Since the appellant's split sentence totals five years, it is a departure from the recommended sentence. Because the sentence is unsupported by written reasons, this case must be remanded for resentencing within the guidelines.
We find no merit in the appellant's remaining point on appeal.
Reversed and remanded for proceedings consistent with this opinion.
SCHEB, A.C.J., and CAMPBELL, J., concur.