528 So.2d 406 (1988)
Mark CARR, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1799.
District Court of Appeal of Florida, Fifth District.
June 2, 1988.
Rehearings Denied July 20, 1988.
*407 James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a sentence. Under the sentencing guidelines appellant scored within the seven to nine-year range. The trial judge sentenced him to forty years in prison and suspended thirty-two years, thus requiring him to serve eight years of incarceration. He was also given a total of twenty years probation on top of the forty years.[1] We construe this sentence as a true split sentence of forty years imprisonment split between eight years incarceration and thirty-two years of suspended probation. The trial court's attempt to impose an additional twenty years of probation on top of this split sentence is unauthorized and void.
Because the principal crime appellant committed was robbery with a firearm, which carries a life sentence, his sentence including the combination of incarceration and suspended probation, does not exceed the statutory maximum. § 812.13(2)(a). Because he received no more incarceration than the guidelines permit, eight years, the total sanction does not violate the sentencing guidelines. The committee note under Florida Rule of Criminal Procedure 3.701(d)12 says "If a split sentence is imposed (i.e. a combination of state prison and probation supervision) the incarcerative portion imposed shall not be less than the minimum of the guideline range nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law."
Here appellant faced life imprisonment for the armed robbery and five years each for the four burglaries. That adds up to life plus twenty years maximum exposure under general law.
Appellant's sentence, as modified, is legal because it does not provide for more or less than that recommended by the guidelines for the incarcerative portion and does not exceed the maximum provided by general law when all portions, prison and non-prison, are combined. The split sentence of forty years is therefore affirmed but the additional twenty years of probation is vacated.
AFFIRMED in part and VACATED in part.
COBB, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting.
The defendant was convicted of five separate offenses: (1) Case 87-5018  robbery with a firearm (§ 812.13(2)(a), Fla. Stat.); (2) Case 87-5297A  burglary (§ 810.02, Fla. Stat.); (3) Case 87-5492B  burglary *408 (§ 810.02, Fla. Stat.); (4) Case 87-5944  burglary (§ 810.02, Fla. Stat.); and (5) Case 87-5945  burglary (§ 810.02, Fla. Stat.). The statutory maximum punishment for the offense of robbery with a firearm is imprisonment for a term of years not exceeding life imprisonment; the statutory maximum punishment for the burglary offenses in this case is imprisonment not exceeding five years. One scoresheet was prepared resulting in 154 points and indicating a recommended guidelines sentence of 7-9 years' incarceration (three years of which was minimum mandatory). One sentence was imposed in Case 87-5018 (robbery with a firearm) as follows:
The Defendant is hereby committed to the custody of the Department of Corrections ... for a term of 40 years suspend 32 years ... followed by a term of 20 years on probation under the supervision of the Department of Corrections according to the terms and conditions of probation set forth in a separate order entered herein.
This sentence is ambiguous and illegal and should be vacated.
First, the sentence is for confinement for 40 years, notwithstanding the words "suspend 32 years" and "followed by a period of 20 years on probation." Forty years' confinement is a departure from the recommended guidelines sentence of 7-9 years, and this departure sentence is not accompanied by a written statement of clear and convincing reasons as is required by the guidelines (Florida Rule of Criminal Procedure 3.701(d)(11.).
When a sentence of confinement has been pronounced in open court and entered in the minutes of the court (or docketed if there are no minutes), the defendant has been "sentenced" and, subject only to being vacated on appeal or in a proper post-conviction proceeding, remains sentenced whether or not the sentence is ever fully or partially executed or actually served. The "execution" or carrying out of a sentence which has been pronounced is a matter separate and completely distinct from the legal effect or "lawfulness" of the sentence as pronounced. Chapter 921, Florida Statutes, relates to sentences; Chapter 922, Florida Statutes, relates to execution of sentences. Whether a sentence is fully executed, partly executed, or, for some reason, never executed, has nothing to do with the lawfulness or legality of the sentence. A sentence may not be pronounced but may be lawfully stayed and withheld and the defendant placed on probation under section 948.01(3), Florida Statutes. The statute clearly recognizes the truth that in this usual situation a sentence is not pronounced (or imposed) when a defendant is placed on probation and there are substantive reasons why this must be so. There is much more than semantics involved in the question of whether or not probation constitutes a sentence although for many practical or result-oriented purposes, the substantive difference can be, and is, disregarded.[1] A sentence that has been pronounced may, for lawful or non-legal reasons, be never executed or executed only in part. For example, (1) the sentence may be pronounced but lawfully superseded or "stayed" in court proceedings or otherwise; or (2) the sentence may be pronounced but its execution or imposition may be illegally "withheld" or "suspended"; or (3) a lawful pronounced sentence of confinement may be split into two parts with provision that after the defendant has served a portion (the first part) of the split sentence of confinement, the execution or imposition of the remainder of the split sentence may be lawfully withheld and the defendant placed on probation for a period of time subject to the execution or imposition of the remainder upon breach of such probation, all as authorized by section 948.01(8), Florida Statutes; or (4) the sentence of confinement may be never fully executed because the defendant is paroled (§ 947.16(4), Fla. Stat.); or (5) a portion of the sentence may be not served because of accumulated gain time as provided by law; or (6) the prisoner may be administratively released because the legislature has not funded, or the executive branch has not built, adequate prison facilities; or (7) the convict may escape or *409 die before the sentence of confinement is fully executed. Further confusion is caused by use in statutes and court cases of the words "imposed" and "imposition" to sometimes refer to the original pronouncement (or "imposition") of sentence and at other times to refer to the execution (or "imposition") of the sentence as pronounced.
The illegality of the sentence in this case is somewhat concealed by the ambiguity inherent in it. To what does the forty years refer? What is the effect of the language "suspend 32 years"? What happens to the 8 year difference between the 40 year sentence and the 32 years suspended? Where does the 20 year probation fit in? What is meant by the word "suspend"? How is a "suspended" sentence "unsuspended"? When that does occur, what then happens? Can the defendant, under any turn of events, be made to serve more than 8 years in prison? If so, when, if ever, must a court find the clear and convincing reasons the guidelines rule states is necessary for a valid departure sentence? There are many possible constructions of this ambiguous sentence, each with a legal infirmity, and the ambiguity itself constitutes a separate infirmity. Some possibilities are:
(1) A plain or straight eight year sentence of incarceration. The majority opinion subtracts the 32 years from the 40 year sentence of confinement to get an eight year net incarceration which is found to fall within the recommended guidelines sentence of 7-9 years. Such a sentence would be within the sentencing guidelines and within the statutory maximum for robbery (life imprisonment) and would be entirely lawful, but the sentence of 40 years and the reference to 32 years suspended and 20 years probation would have to be ignored or "construed" to be of little or no legal effect. Surely the sentence as pronounced means something more than a simple eight year sentence of imprisonment.
(2) A 40 year sentence of incarceration. If the reference to the suspended 32 years and the 20 years' probation is legally insufficient to reduce the sentence to a simple 8 year sentence, then the 40 year sentence of incarceration remains. Such a sentence would be within the statutory maximum for the robbery offense (life imprisonment) but constitutes a departure sentence and is illegal in this case because it was not accompanied by written, clear and convincing reasons.
(3) A split sentence. By the words "suspend 32 years," and the reference to 20 years' probation, the trial court may have intended to pronounce a split sentence as authorized by section 948.01(8), Florida Statutes,[2] and intended to have "prescribed" punishment by imprisonment for 40 years and to have directed that upon completion of a "specified" portion of such sentence (here the eight years' difference between the 40 years and the 32 years), the "imposition" (meaning execution) of the remainder of the 40 year sentence (the remainder here being 32 years) was then to be "stayed" and "withheld" and the defendant placed on probation for 20 years. Under this construction, after the defendant serves eight years of the 40 year sentence (less gain time), he is released from confinement on probation of up to 20 years with the implied understanding that if he successfully completes the 20 years' probation, he will never have to serve the 32 year remainder of the 40 year sentence but that *410 if he violates such probation, the violation of probation is adjudicated and, being under a lawful sentence, he is not resentenced (as he would have been had an illegal sentence been reversed on appeal) but is merely committed to prison to serve the remainder (32 years) of the sentence of 40 years that has already been pronounced on him. This is most likely what the trial court intended in this case but the trial court failed to use the specific portion of the state-provided sentence form (32-12(11/81)) provided for this purpose.
The majority opinion declares the provision for 20 years' probation to be unauthorized and void yet holds that the resulting 40 year sentence divided into an 8 year period to be served and a "suspended" 32 year period to be "a true split sentence." A casual reading of the only statute (§ 948.01(8) Fla. Stat., set forth in note 2 above) authorizing split sentences shows clearly that to impose a split sentence the one sentence must be divided into two portions and separated by a period of probation or community control. The sentence as modified and approved by the majority opinion is not a split sentence; it is a 40 year sentence with the last 32 years "reserved" or "suspended" and is illegal in two respects. It is a departure sentence without reasons being given and an illegal "suspended" sentence. Of course, while the 40 year sentence is "split," it is nevertheless a 40 year sentence and constitutes a departure from the recommended guidelines sentence of 7-9 years and is illegal under the guidelines because, as with a straight 40 year sentence, no reason was given in this case for departure. Reasons for departure are those that existed at the time the one sentence is pronounced, and should be given at that time.
(4) A "suspended" sentence. The trial court could have intended to pronounce a forty year sentence but also have intended to merely "suspend" execution of the last 32 years. Apparently that is what the majority opinion approves. If so, this so-called "suspended sentence," sometimes called a "withheld" sentence or an "inactive" sentence, contravenes sections 948.01(3) and (9), Florida Statutes, and is an "illegal" sentence. After a court adjudicates a defendant guilty of a criminal offense, it must either sentence him or place him on probation. See, e.g., Phillips v. State, 455 So.2d 656 (Fla. 5th DCA 1984) and the footnote to Shieder v. State, 430 So.2d 537 (Fla. 5th DCA 1983) which gives the history of suspended or withheld sentences and cites the supreme court cases declaring them "improper" and "illegal." The 32 year "withheld" portion of the sentence in this case, as interpreted and modified by the majority opinion, would also exceed the 5 year limitation on such sentences contained in section 775.14, Florida Statutes.[3]
In any event, the sentence, as modified and approved by the majority opinion, fails to sentence the defendant as to the four burglary charges of which he was convicted and the sentence thereby violates the dictates of section 775.021(4), Florida Statutes, and Florida Rule of Criminal Procedure 3.701(d)(12), which directs that a convict be sentenced separately for each criminal offense.
The defendant was sentenced to 40 years in prison. Neither by construing it as a legally permissible "split sentence" nor an illegal "suspended," "reserved," "withheld," or "inactive" sentence, can the 40 year prison sentence be deemed, or converted into, a sentence of only 8 years' incarceration and within the recommended guidelines range of 7-9 years. The defendant is entitled to have a lawful and unambiguous sentence. The sentence in this case is "ambiguous" and an illegal departure sentence and should be vacated and the cause remanded for resentencing.
NOTES
[1] Appellant was convicted of robbery of a firearm and four burglaries. The judge gave him twenty years probation on the robbery and concurrent five years probation on each of the burglaries.
[1] See, e.g., Griner v. State, 523 So.2d 789 (Fla. 5th DCA 1988) and cases cited therein.
[2] 948.01 When court may place defendant on probation or into community control. 
* * * * * *
(8) Whenever punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed, the court, in its discretion, may, at the time of sentencing, impose a split sentence whereby the defendant is to be placed on probation or, with respect to any such felony, into community control upon completion of any specified period of such sentence which may include a term of years or less. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant and direct that the defendant be placed upon probation or into community control after serving such period as may be imposed by the court. The period of probation or community control shall commence immediately upon the release of the defendant from incarceration, whether by parole or gaintime allowances. [emphasis added]
[3] Section 775.14, Florida Statutes, is an anomaly as it is a statutory limitation, adopted in 1957, on sentences that were declared, in 1958 and 1959, to be illegal.