528 So.2d 417 (1988)
Dale Lee McKEE, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1878.
District Court of Appeal of Florida, Fifth District.
June 9, 1988.
Rehearing Denied July 27, 1988.
James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, Dale McKee, was charged with burglary of a structure and second-degree grand theft. He pled guilty to these charges, and a guideline scoresheet prepared for sentencing showed a total of 68 points, placing him in the 12-30 month range. The trial court adjudicated McKee guilty on both counts, and placed him on five years' probation for the burglary charge, while imposing a sentence on the grand theft charge which provided "[f]or a term of five (5) years suspend three (3) years." The court also checked the first of the "split sentence" boxes on the sentence form providing for "followed by a period of three years on probation... ." The five years on probation for the burglary charge was to run consecutively to the grand theft charge.
*418 McKee appeals, contending that the sentence imposed for the grand theft, two years' imprisonment followed by three years on probation, is improper, since it is possible that if McKee violates his probation he would be subject to a sentence of five years, thereby constituting a departure sentence. This contention is without merit. The sentence imposed herein is not a departure sentence, since the term of imprisonment is within the guideline range, and the total split sentence is within the statutory limit for a third-degree felony, five years. See McKinley v. State, 519 So.2d 1154 (Fla. 5th DCA 1988); Posey v. State, 501 So.2d 192 (Fla. 5th DCA 1987); McDowell v. State, 491 So.2d 594 (Fla. 5th DCA 1986), approved in part, quashed in part, 509 So.2d 927 (Fla. 1987); see also Committee Note, Fla.R.Crim.P. 3.701(d)(12).[1] In the instant case, the incarcerative period is two years, which falls within the guideline range.
From the colloquy shown by the trial transcript, it is apparent that the trial court intended to impose a "true" split sentence of five years  two years' incarceration followed by three years' probation  for the instant offense of grand theft. This should have been done by utilizing the second of the "split sentence" boxes on the sentence form. In other words, the sentence should have been:
For a term of five years. However, after serving a period of two years' imprisonment in ____, the balance of such sentence shall be suspended and the Defendant shall be placed on probation for a period of three years under supervision of the Department of Corrections according to the terms and conditions of probation set forth in the separate order entered herein.
(The italics indicating the blanks on the sentence form.)
The trial judge's checking of the first "split sentence" box was redundant, confusing and erroneous in this case,[2] and that part of the sentence, therefore, should be stricken. With that understanding, the split sentence of five years (two in, three out) is
AFFIRMED.
DAUKSCH, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting.
The defendant's guideline scoresheet resulted in 68 points and a recommended guideline sentence range of community control or 12-30 months' incarceration. The sentence was commitment to prison "for a term of five (5) years suspend three years ... followed by a period of 3 years on probation... ." No reasons were given to support a departure sentence. The sole issue is whether this is a departure sentence.
Judge Cobb has done a good job in attempting to make sense out of this ambiguous hybrid sentence and in trying to twist it into something resembling a lawful split sentence as authorized and described in section 948.01(8), Florida Statutes.[1] The *419 underlying problem is that a split sentence is not any combination of confinement and probation as is implied by the parenthetical description of the split sentence contained in Rule 3.701(d)(12) and the state sponsored sentence form now in use. Instead, a split sentence is the particular sentence authorized by section 948.01(8), Florida Statutes, which provides for the splitting of one term of confinement into two parts or portions and separating the two portions by a period of probation (or community control); the defendant is required to serve the first portion of confinement immediately but the execution or service or "imposition" of the second portion of the one sentence is stayed and withheld subject to successful completion of a period of probation (or community control). In the "true" split sentence described in section 948.01(8), Florida Statutes, the term of probation may be shorter or longer than the withheld second portion of the confinement, although it is often for the same period of time. This confuses some into the belief that the probation period is the same thing as the withheld portion of the confinement sentence. It definitely is not.
The sentence in this case is not a true split sentence as provided in section 948.01(8), Florida Statutes, but is a "redundant, confusing, and erroneous" sentence more properly termed a "hybrid" or "combination" sentence. If it is to be construed as a split sentence, then it is a sentence of five years' incarceration composed of a two year portion to be served now with the service (execution) of the "remainder" of the sentence (being three years) withheld (or "suspended") subject to the successful completion of the three year probationary period. The very purpose and essence of the concept of a split sentence, as contained in section 948.01(8), Florida Statutes, is that the total period of confinement is pronounced (imposed) at one time so that there will be no double jeopardy problem in reconfining the defendant for the second portion of the one sentence in the event he violates his probation. The second portion of the one sentence of confinement has been pronounced and then hung over the defendant's head, like the sword of Damocles held by the hair of probation, so that upon a termination of the probation after its violation, the sword falls swiftly and surely; the defendant is returned to confinement on a second commitment issued on the original sentence, not by a second and unconstitutional sentence imposed for "the same offense" as that for which he has previously been sentenced.
I am aware of State v. Jones, 327 So.2d 18 (Fla. 1976), overruled in part by Villery v. Parole and Probation, 396 So.2d 1107 (Fla. 1981), but the fundamental difference between confinement as a condition of probation (which can occur without a sentence being imposed and even without an adjudication of guilt), and withholding or "suspending" the execution of a portion of confinement imposed by sentence, which is necessitated by the constitutional prohibition against being twice sentenced for the same offense, was not argued in those cases. I am also aware of State v. Payne, 404 So.2d 1055 (Fla. 1981), which I cannot read to authorize two or more lawful sentences to be imposed successively based on one conviction of one offense.
The immediate problem in this case, however, is not double jeopardy, but that the defendant received a five year sentence, notwithstanding that the five years is split into one sure and one conditional portion. A five year sentence of confinement departs from the 12-30 months' recommended guidelines sentence, and because no clear and convincing reasons were given, the sentence violates the sentencing guidelines and should be vacated and the cause remanded for resentencing.
NOTES
[1] The committee note to rule 3.701(d)(12) provides as follows:

If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law.
[2] Literally construed, the trial court's written sentence herein provided for a total of six years' probation (3 + 3), which clearly was not intended.
[1] 948.01 When court may place defendant on probation or into community control.  (8) Whenever punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed, the court, in its discretion, may, at the time of sentencing, impose a split sentence whereby the defendant is to be placed on probation or, with respect to any such felony, into community control upon completion of any specified period of such sentence which may include a term of years or less. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant and direct that the defendant be placed upon probation or into community control after serving such period as may be imposed by the court. The period of probation or community control shall commence immediately upon the release of the defendant from incarceration, whether by parole or gain-time allowances. [emphasis added]