COWART, Judge,
dissenting.
After being “bumped up” because his community control was violated, the defendant’s recommended guideline sentence range was community control or 12-30 months incarceration. The sentence was:
The defendant is hereby committed to the custody of the Department of Corrections ... to be imprisoned for a term of 5 years — however, after serving a period of IV2 years imprisonment in DOC the balance of such sentence shall be suspended and the defendant shall be placed on probation for a period of 3V2 years under the supervision of the Department of Corrections according to the terms and conditions of probation set forth in a separate order entered herein.
No reasons for imposing a departure sentence were given. The sole issue is whether this sentence is a departure sentence and hence, invalid, because it is not supported by clear and convincing reasons as required by the guideline rule (Florida Rule of Criminal Procedure 3.701(d)(ll)).
This is a true split sentence as described in and authorized by section 948.01(8), Florida Statutes. As contemplated by that statute, the five year period of incarceration is split into a one and one-half year portion, which must be immediately served, and a “remainder” or three and one-half year portion, the execution (or imposition or actual service) of which is “suspended” or “withheld” and made subject to the successful completion of a three and one-half year term of probation. Nevertheless, although it is a split sentence, it is a sentence of incarceration for five years which exceeds 30 months, the top limit of the recommended guideline range; it is, therefore, a departure sentence, invalid because no clear and convincing reasons were given and should be vacated and the cause remanded for resentencing.
In Francis v. State, 487 So.2d 348 (Fla.2d DCA), rev. denied, 492 So.2d 1332 (Fla.1986), the recommended guideline range, as in this case, was “community control or 12-30 months’ incarceration.” The appellate court held that a sentence of two years’ imprisonment followed by two years’ community control was not a departure sentence, relying on the guidelines committee note to Rule 3.701(d)(12) which specifies that if a split sentence of state prison and probation supervision is imposed, the incarcerative portion should be within the guideline range and the total sanction should not exceed the term provided by general law.
In Hankey v. State, 505 So.2d 701 (Fla. 5th DCA), rev. denied, 515 So.2d 230 (Fla.1987) and in VanKooten v. State, 512 So.2d 214 (Fla. 5th DCA 1987), this court held that when the recommended guideline range was community control or 12-30 months’ incarceration, the imposition of 30 months’ incarceration and community control constituted a departure sentence and certified conflict with Francis. The supreme court in State v. VanKooten, 522 So.2d 830 (Fla.1988) approved VanKooten and disapproved Francis.
In Primm v. State, 524 So.2d 475 (Fla.2d DCA 1988), the recommended guideline sentence was 21/2-3½ years’ incarceration, and the sentence imposed was 3½ years in prison and IV2 year’s community control. Recognizing that the issue was controlled by the supreme court’s decision in State v. VanKooten, the appellate court reversed the sentence, holding that “since the appellant’s split sentence totals 5 years, it is a departure from the recommended sentence.”
This court held in Hankey, 505 So.2d at 701, which was followed in VanKooten and approved by the supreme court, that
[i]n this particular bracket it is clear that the presumptive sentence could only be either community control of 12 to 30 *436 months incarceration. If incarceration was imposed, there could be no community control, based on the language of the guidelines. Similarly, the court could not have imposed incarceration time if it elected community control.
For “the same offense” for which this defendant is being sentenced, he was originally placed on community control and it is because of his violation of that alternative to sentencing that he is now being sentenced. In other words, he has already had community control; now he is also getting incarceration. The guideline range still reads “or” — this defendant is getting “and" which we and the supreme court have held to be a departure sentence.
The sentence in this case is a departure sentence and the affirmance of it directly conflicts with Hankey, VanKooten, and Primm.