ORFINGER, Judge.
After defendant entered a plea of guilty to two counts of grand theft of a motor vehicle, third degree felonies, each of which carries a maximum statutory punishment of 5 years’ incarceration, the trial court sentenced defendant on the first count to imprisonment “[f]or a term of five years with 42 months suspended,” and then checked the first of the “split sentence” boxes on the standard sentencing form and filled in the blank so that it read: “Followed by a period of 3 years on probation. ...”[1] Defendant appeals, contending that the sentence on Count I is illegal because it exceeds the statutory maximum penalty of 5 years, and that it is a departure sentence imposed without stating written reasons.
We vacate the sentence on Count I and remand the case for resentencing on that count because it is not at all clear what restraint beyond the incarceration provision the trial court intended to impose. If the trial court intended to impose a true split sentence of 5 years, with 18 months in prison followed by 42 months suspended and on probation, this should have been done by checking the second of the split sentence alternatives on the sentencing form and completing it so that the sentence would have been
For a term of five years. However, after serving a period of imprisonment ... the balance of such sentence shall be suspended and the Defendant shall be placed on probation for a period of 42 months ...
See McKee v. State, 528 So.2d 417 (Fla. 5th DCA 1988).
Instead, the judgment can be read as imposing a total restraint on Count I of 8 years (5 years’ incarceration, 42 months of which are suspended on probation, followed by an additional period of 3 years’ probation) which exceeds the statutory maximum of five years, and the sentencing colloquy can be read to support that interpretation.[2] If, on the other hand, the trial court intended to impose imprisonment for 18 months to be followed by a period of probation, the total of which did not exceed 5 years, the sentence would be legal and would not constitute a departure from the recommended guidelines sentence of community control or 12-30 months’ incarceration. McKee, supra; Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988).
We therefore vacate the sentence on Count I and remand the case for resentenc-ing on that count.
Sentence VACATED; REMANDED.
SHARP, W., C.J., and COBB, J., concur.

. The court sentenced defendant to 3 years’ probation on Count II, consecutive to the probation in Count I. Count II is not involved in this appeal.

. At the sentencing hearing the trial court first imposed 3 years’ probation on Count I and then imposed the sentence of 5 years’ imprisonment with 42 months’ suspended, without withdrawing the earlier imposed probationary period. As noted, the same restraints are imposed in the written sentence.