529 So.2d 736 (1988)
Thomas Raymond HANKEY, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1854.
District Court of Appeal of Florida, Fifth District.
June 30, 1988.
Rehearing Denied August 11, 1988.
James B. Gibson, Public Defender, and James R. Wulchak, Chief, Appellate Div., Office of the Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
AFFIRMED on the authority of Carr v. State, 528 So.2d 406 (Fla. 5th DCA 1988).
DAUKSCH and COBB, JJ., concur.
COWART, J., dissents with opinion.
COWART, Judge, dissenting.
The defendant's recommended sentencing guideline range is community control or 12-30 months' incarceration. The last sentence[1] pronounced and imposed without *737 reasons justifying departure was "incarceration for a term of thirty (30) months followed by a period of 7 years on probation." The issue is whether this is a departure sentence and invalid for lack of justifying reasons.
There is a slew of cases involving this and related problems presently passing through this court, most from Orange County, all being affirmed, many, as this one, without opinion, some with opinions. See, e.g., Carr v. State, 528 So.2d 406 (Fla. 5th DCA 1988); McKee v. State, 528 So.2d 417 (Fla. 5th DCA 1988). See also Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988) which involves related issues. If these sentences (both true split sentences and hybrid sentences) being approved are not departure sentences, then sentencing judges have truly found the long-sought northwest passage around the sentencing guidelines. The method is simple: without giving reasons justifying departure from the guidelines, merely (1) impose a sentence of incarceration for the maximum period authorized by statute; (2) "split" that sentence, requiring the immediate service of a portion falling within the recommended guidelines sentencing range; and (3) suspend or defer the balance of the "lawful" sentence subject to a long period of probation.[2] Then, when the defendant later violates probation, he is merely given credit for time previously served and recommitted under the original sentence[3] for another period of incarceration not to exceed the recommended guideline range, and the remaining balance of the original "lawful" sentence is again deferred or suspended subject to a further term of probation; the sentencing judge then can continue to repeat this cycle, each time imposing successive increments of incarceration within the recommended guideline range, until the defendant has served the maximum period of incarceration authorized by statute. Or, as an interesting variation, the sentencing judge can, without giving reasons for departure, merely impose a period of incarceration within the recommended guideline range and append a long period of probation; then, when the defendant later violates probation, the judge merely gives him credit for time previously served and (under the authority of Franklin v. State) resentences him to another term of incarceration within the recommended guideline range, again appending a long period of probation; the judge can continue to repeat this cycle[4] and impose successive periods of incarceration within the recommended guideline range, each time appending a period of probation until the defendant has served the maximum incarceration provided by statute.[5] Piecemeal sentencing violates the proscription contained in Ex Parte Bosso, 41 So.2d 322 (Fla. 1949) against imposing a criminal sentence in portions. See also Massey v. State, 389 So.2d 712 (Fla. 2d DCA 1980). In Bosso, the court struck the probation because, upon violation, the court would be powerless to punish the defendant *738 further; while in Franklin, the court held a defendant could be sentenced a second time for the same offense in order for the court to be able to punish for violation of the probation appended to the first sentence.
In Francis v. State, 487 So.2d 348 (Fla. 2d DCA 1986), rev. denied, 492 So.2d 1332 (Fla. 1986), the recommended guideline range, as in this case, was "community control or 12-30 months' incarceration." The appellate court held that a sentence of two years' imprisonment followed by two years' community control was not a departure sentence, relying on the guidelines committee note to Florida Rule of Criminal Procedure 3.701(d)(12), which specifies that if a split sentence of state prison and probation supervision is imposed, the incarcerative portion should be within the guideline range and the total sanction should not exceed the term provided by general law. Note that this is also the basis for the holdings in Carr and McKee.
In Hankey v. State, 505 So.2d 701 (Fla. 5th DCA 1987), rev. denied, 515 So.2d 230 (Fla. 1987), and in VanKooten v. State, 512 So.2d 214 (Fla. 5th DCA 1987), this court held that when the recommended guideline range was community control or 12-30 months' incarceration, the imposition of 30 months' incarceration and community control constitutes a departure sentence, and certified conflict with Francis. The supreme court in State v. VanKooten, 522 So.2d 830 (Fla. 1988) approved VanKooten and disapproved Francis.
In Primm v. State, 524 So.2d 475 (Fla. 2d DCA 1988), the recommended guideline sentence was 2 1/2-3 1/2 years' incarceration, and the sentence imposed was 3 1/2 years in prison and 1 1/2 years' community control. Recognizing that the case was controlled by the supreme court's decision in State v. VanKooten, the appellate court reversed the sentence, holding that "since the appellant's split sentence totals 5 years, it is a departure from the recommended sentence." Thus, Carr and McKee conflict with Primm.
The concept of probation, as adopted by the Florida legislature in 1941, was to provide an alternative to the imposition, by sentence, of the penalties provided by law for the commission of a criminal offense. Section 948.01(3), Florida Statutes, provides for probation when the court finds that "the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law," and that in order to place a defendant on probation, the court "shall stay and withhold the imposition of sentence upon such defendant and shall place him upon probation" [emphasis added]. Clearly, probation was not intended to be a sentence, nor was it intended to be a sanction, penalty, or punishment such as is imposed by a sentence. It is a state of being, status, or condition, not unlike the religious concepts of purgatory and limbo, into which a defendant is placed in lieu of a sentence imposing penalties, such as incarceration or fine. Originally Chapter 948, providing for probation, did not contemplate the imposition of incarceration as a condition of probation; admittedly, its later invention, use, approval,[6] and recognition by statute (§ 948.03(7), Fla. Stat.) has greatly muddied the original concept of probation.[7]
In any event, and without regard to (1) its nomenclature as a sentence, (2) whether probation, in substance, is a non-penalty status imposed in lieu of a penalty or a "penalty" or "less restrictive penalty" (as Justice Overton, specially concurring in Villery, views it), or (3) whether incarceration is actually imposed as a condition of probation or merely exists as a threat to be imposed upon violation of other conditions, probation is, in legal contemplation, either a sanction and a penalty or it is not  it cannot be both ways or be one thing for *739 one purpose and something else for another purpose. If it is, in law, a penalty then, of course, it is subject to constitutional double jeopardy guarantees.[8]
In this case, the sentence imposed was 30 months' incarceration, which was the absolute maximum punishment within the 12-30 months' incarceration recommended guideline range. Accordingly, the provision for probation for 7 years in addition to the maximum sanction permitted under the guideline rule, whatever it is or whatever it may be called, is necessarily a departure sentence unsupported by justifying reasons and should be vacated.
This case differs from Carr and McKee in two ways. First, in Carr and McKee, that portion of the incarceration sentence imposed and not suspended did not top out the maximum incarceration permitted under the guideline range, as did the sentence in Primm and as does the sentence in this case. Accordingly, this is a Primm case and not a Carr or McKee case. Secondly, the sentences in Carr and McKee, at least as they were modified and construed by this court, were true split sentences, whereas the sentence in this case is a hybrid sentence. However, admittedly, under the opinion of this court in Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988) (which did not involve a guideline departure problem), this distinction may be meaningless as to the issue in this case.
Because of these differences, the holdings in Carr and McKee might be distinguished from Primm but, in any event, the holding in this case is in direct conflict with Primm, and that conflict should be recognized by this court and certified to the supreme court for resolution in keeping with present constitutional provisions for appellate jurisdiction and our duty to achieve a uniform and equal application of law throughout the State of Florida.
We should also certify to the supreme court as a question of great public importance:
WHEN THE RECOMMENDED GUIDELINE RANGE IS 12-30 MONTHS' INCARCERATION, DOES A SENTENCE OF 30 MONTHS' INCARCERATION FOLLOWED BY A PERIOD OF 7 YEARS' PROBATION CONSTITUTE A DEPARTURE SENTENCE?
NOTES
[1] The sentence originally imposed on the defendant in this case was affirmed by this court (Hankey v. State, 458 So.2d 1143 (Fla. 5th DCA 1984) but quashed by the supreme court because invalid reasons were given for departure from the sentencing guidelines range (Hankey v. State, 485 So.2d 827 (Fla. 1986)). On remand, he was resentenced to 30 months' incarceration and 2 years' community control. Because the recommended range was "community control or 12-30 months' incarceration," on review, this court in Hankey v. State, 505 So.2d 701 (Fla. 5th DCA 1987), rev. denied, 515 So.2d 230 (Fla. 1987) held that sentence was a departure sentence without justifying reasons and vacated that sentence and again remanded for resentencing. This case well illustrates the frustration the sentencing guidelines have created in the trial courts, in the appellate courts, and in the aware portions of the Bar and public.
[2] A defendant placed on probation within the context of a true split sentence pursuant to section 948.01(8), Florida Statutes, is not subject to the probation time limitations provided in section 948.04(1), Florida Statutes.
[3] See Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988), approving, in this particular, Poore v. State, 503 So.2d 1282 (Fla. 5th DCA 1987).
[4] If there is no constitutional double jeopardy protection against a second sentence for "the same offense," then certainly there is no protection from a third, or fourth, or any multiple sentence for "the same offense." See the dissent to Franklin v. State, receding from, Wayne v. State, 513 So.2d 689 (Fla. 5th DCA 1987).
[5] This should be denoted the "cat and grindstone" approach to guideline sentencing, it having been observed that a grindstone can be fed to a cat if it is done in small enough portions. Likewise, under the holdings in Carr, McKee, and Hankey, the maximum statutory sentence can always be fed to a defendant without departing from the guidelines if it is done in successive courses of incarceration, each no larger than the guideline range, and each course seasoned with a dash of probation.
[6] See State v. Williams, 237 So.2d 69 (Fla. 2d DCA 1970); Lewis v. State, 298 So.2d 540 (Fla. 4th DCA 1974).
[7] This is the root of confusion that still exists as to the fundamental difference between incarceration as a condition of probation and a split sentence. See State v. Payne, 404 So.2d 1055 (Fla. 1981); State v. Jones, 327 So.2d 18 (Fla. 1976); Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla. 1980); Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988).
[8] But see Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988) (citing State v. Payne, 404 So.2d 1055 (Fla. 1981)).