528 So.2d 453 (1988)
Anthony B. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1541.
District Court of Appeal of Florida, Fifth District.
June 30, 1988.
Rehearing Denied July 26, 1988.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
AFFIRMED on the authority of Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988).
SHARP, C.J., and DANIEL, J., concur.
COWART, J., dissents with opinion.
*454 COWART, Judge, dissenting.
The defendant's recommended guideline sentence range was 2 1/2-3 1/2 years. The pronounced sentence, imposed without giving any reason for imposition of a departure sentence, was imprisonment
for a term of 5 years. However, after serving a period of 3 1/2 years imprisonment in State Prison the balance of such sentence shall be suspended and the defendant shall be placed on probation for a period of 1 1/2 years... .
This is a true split sentence as described in, and authorized by, section 948.01(8), Florida Statutes. Although the sentence of 5 years is split into a 3 1/2 year portion, to be unconditionally served under a commitment issued immediately, and a conditional 1 1/2 year portion, to be suspended and served on a recommitment following a violation of probation, it is, nevertheless, a sentence for 5 years' incarceration which exceeds the top limit of the recommended guideline range and is, therefore, a departure sentence unsupported by justifying reasons.
The rule of law in all criminal cases is that any ambiguity in statutes, rules, verdicts, judgments, sentences, and any other matter is resolved in favor of the accused. The rule of lenity codified in section 775.021(1), Florida Statutes, is but one statutory recognition of one aspect of the broader rule of law. The ambiguity that presently inheres in the application of recommended sentencing guideline ranges to true split sentences and to the hybrid sentence composed of an unsplit term of years imprisonment followed by a term of probation should, in both cases, be resolved in favor of the defendant. However, even if the true split sentence in this case is erroneously viewed as being only for a term of 3 1/2 years followed by "something,"[1] that "something" is an excess of the top limit of the recommended guideline range in this case because 3 1/2 years' imprisonment subsumes or exhausts the recommended guideline range of 2 1/2-3 1/2 years; therefore, the sentence constitutes a departure from the maximum recommended guidelines sentence. The Second District Court of Appeal in Primm v. State, 524 So.2d 475 (Fla. 2d DCA 1988) recognizes both this and that the principle in Hankey v. State, 505 So.2d 701 (Fla. 5th DCA 1987), rev. denied, 515 So.2d 230 (Fla. 1987) and in VanKooten v. State, 512 So.2d 214 (Fla. 5th DCA 1987), approved, 522 So.2d 830 (Fla. 1988), applies to the sentence in this case.
The sentence in this case is a departure sentence and is invalid because it is not supported by reasons for departure. The affirmance of the sentence directly conflicts with Hankey, VanKooten, and Primm.
NOTES
[1] That "something" is either (1) a sentence of 1 1/2 years' confinement, the execution of which is "suspended," "deferred," or "withheld," and made conditional on the successful completion of a term of probation, or (2) merely probation with the implied threat that if the conditions of probation are violated, the defendant may be "resentenced." See Wayne v. State, 513 So.2d 689 (Fla. 5th DCA 1987), receded from in part, Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988), rev. granted, 71,420 (State v. Wayne) (Fla. Feb. 17, 1988).