529 So.2d 1250 (1988)
Roger JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2084.
District Court of Appeal of Florida, Fifth District.
August 18, 1988.
James B. Gibson, Public Defender, and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Chief Judge.
Johnson appeals his sentence because he contends it exceeds the statutory maximum for his convicted crime (second degree murder),[1] and it is a departure from the presumptive guidelines sentence for which no reasons were given. Johnson received a sentence of forty years, but after serving seventeen in the Department of Corrections, the balance of his sentence was suspended, and he was placed on probation for ten years. We affirm.
With regard to the legality of the sentence, Johnson was convicted of a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment.[2] There is no thirtyyear statutory maximum for this offense. The term of imprisonment imposed in this case was within the presumptive guidelines sentence range of twelve to seventeen years[3] and the total sentence did not exceed the statutory maximum.[4]
It is clear from the sentencing transcript that the trial judge did not intend to impose a term of seventeen years plus a twenty-three year suspended sentence, plus an additional ten years on probation. The form of the sentence in this case, plus the trial judge's stated intent at sentencing, distinguishes this case from the sentences considered in Tullis v. State, 528 So.2d 453 (Fla. 5th DCA 1988) and Carr v. State, 528 So.2d 406 *1251 (Fla. 5th DCA 1988). Here it is clear that the ten year probationary segment of Johnson's sentence begins to run when Johnson is released from prison after serving his seventeen-year term. If he serves his ten years on probation successfully, the balance of the twenty-three year suspended sentence will vanish and be forgiven.
AFFIRM.
DAUKSCH and DANIEL, JJ., concur.
NOTES
[1] § 782.04(2), Fla. Stat. (1987).
[2] §§ 782.04(2) & 775.082(3)(b), Fla. Stat. (1987).
[3] Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988).
[4] McKinley v. State, 519 So.2d 1154 (Fla. 5th DCA 1988).