COWART, Judge,
dissenting.
The recommended guideline sentence range was 12-30 months’ incarceration. The sentence, imposed without reasons justifying departure, was imprisonment for 15 years with provision that after serving 30 months, the balance (I2V2 years) was suspended subject to the successful completion of a period of 10 years’ probation. See, e.g., Carr v. State, 528 So.2d 406 (Fla. 5th DCA 1988); McKee v. State, 528 So.2d 417 (Fla. 5th DCA 1988); Hankey v. State, 529 So.2d 736 (Fla. 5th DCA 1988).
The sentence imposed in this case is a true split sentence as described in section 948.01(8), Florida Statutes. Not only does the 15 year sentence exceed the recommended guideline range of 12-30 months, but that portion of the 15 year sentence imposed and not suspended (being 30 months) tops out the maximum recommended guideline range of 30 months leaving the I2V2 year portion of the 15 year sentence and the 10 year period of probation to be in excess of the recommended guideline range, thus constituting a departure sentence under Hankey v. State, 505 So.2d 701 (Fla. 5th DCA 1987), rev. denied, 515 So.2d 230 (Fla.1987); VanKooten v. State, 512 So.2d 214 (Fla. 5th DCA 1987) approved, 522 So.2d 830 (Fla.1988). As explained by the Second District Court in Primm v. State, 524 So.2d 475 (Fla. 2d DCA 1988), under Hankey and VanKoo-ten, the sentence in this case constitutes a departure sentence.
In order to accomplish an equal application of the law, this court should express its direct conflict with Primm, VanKoo-ten, and Hankey, and certify as a question of great public interest whether:
WHEN THE RECOMMENDED GUIDELINE RANGE IS 12-30 MONTHS’ INCARCERATION, DOES A SENTENCE OF 15 YEARS’ INCARCERATION, SPLIT WITH 30 MONTHS TO BE IMMEDIATELY SERVED AND THE BALANCE OF 12% YEARS SUSPENDED SUBJECT TO THE SUCCESSFUL COMPLETION OF 10 YEARS OF PROBATION, CONSTITUTE A DEPARTURE SENTENCE REQUIRING JUSTIFYING REASONS?