COWART, Judge,
dissenting.
In this case, the recommended guidelines sentence range was 12-30 months’ incarceration. The sentence, imposed without reasons justifying departure, was imprisonment for five years with provision that after serving 13 months, the balance of the sentence (being 47 months) was suspended subject to the successful completion of a period of five years’ probation. This is a true split sentence as described in section 948.01(8), Florida Statutes, and the issue is whether the sentence imposed is a departure sentence and invalid because of the lack of justifying reasons.
Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988) held that a sentence to a term of incarceration merely followed by a period of probation was a second (“hybrid”) type of “split sentence” and was per se a lawful, fully effective sentence, contrary to what had previously been held in Wayne v. State, 513 So.2d 689 (Fla. 5th DCA 1987). Franklin also involved a sentence under the youthful offender act, and relied on Johnson v. State, 482 So.2d 398 (Fla. 5th DCA 1985). Johnson held that a defendant originally sentenced as a youthful offender could, upon violation of a term of probation or community control, be resen-tenced in accordance with section 948.06(1), Florida Statutes, without reference to limitations contained in the youthful offender statute. Incidentally, Johnson appears to be inconsistent with Lane v. State, 470 So.2d 30 (Fla. 5th DCA 1985) and especially with the view of Lane as approved in Allen v. State, 526 So.2d 69 (Fla.1988); Franklin now appears to be inconsistent with Allen. See Judge Ervin’s special concurrence to Reams v. State, 528 So.2d 558 (Fla. 1st DCA 1988).
Moreno, the defendant in this case, was not sentenced under the youthful offender statute. Furthermore, although the opinion and certified question in Franklin appear to involve the application of the sentencing guidelines to a (hybrid) split sentence, that issue was not actually involved in Franklin because the sentence reviewed there was two consecutive terms of straight fifteen years’ incarceration (neither a true split sentence nor a hybrid split sentence) and well within the guideline range of 17-22 years.
The original sentence in Carr v. State, 528 So.2d 406 (Fla. 5th DCA 1988), was probably a true split sentence, as in this case, and the confused sentence in McKee v. State, 528 So.2d 417 (Fla. 5th DCA 1988) *16 was twisted and construed into the shape of a true split sentence, as in this case. The issue in this case is substantially the same as that in Carr and McKee and I dissent from an affirmance for the reasons contained in the dissents in Carr, McKee, and in Hankey v. State, 529 So.2d 736 (Fla. 5th DCA 1988).
In order to accomplish an equal application of the law, this court should express its direct conflict with Primm v. State, 524 So.2d 475 (Fla. 2d DCA 1988), VanKooten v. State, 512 So.2d 214 (Fla. 5th DCA 1987), approved, 522 So.2d 830 (Fla.1988), Hankey v. State, 505 So.2d 701 (Fla. 5th DCA 1987), rev. denied, 515 So.2d 230 (Fla.1987), and certify the following question of great public interest:
WHEN THE RECOMMENDED GUIDELINE RANGE IS 12-30 MONTHS’ INCARCERATION, DOES A SENTENCE OF 5 YEARS INCARCERATION, SPLIT WITH 13 MONTHS TO BE IMMEDIATELY SERVED AND THE BALANCE OF 47 MONTHS SUSPENDED SUBJECT TO THE SUCCESSFUL COMPLETION OF 5 YEARS OF PROBATION, CONSTITUTE A DEPARTURE SENTENCE REQUIRING JUSTIFYING REASONS?