DANIEL, Judge.
Darial Hollinger appeals his sentence for delivery of cocaine, a second degree felony punishable by up to fifteen years imprisonment.[1] The defendant’s recommended *464 guidelines sentence was twelve to thirty months incarceration.
At the sentencing hearing, the trial judge stated that he was going to place the defendant on probation for a term of 8 years and that he was going to direct that the defendant begin serving this term of probation after serving a term of 15 years in the Department of Corrections. The judge also stated that he was going to suspend 13 years, that is, he was going to direct that the defendant serve 2 years imprisonment and 13 years suspended. On the sentencing form, the judge wrote in that the defendant was to be imprisoned for a term of 15 years. However, he then marked the second “split sentence” box stating that after the defendant served a period of 2 years imprisonment, the balance of such sentence shall be suspended and the defendant shall be placed on probation for period of 8 years.
Since it is not clear what restraint beyond the incarcerative provision the trial judge intended to impose, we vacate the sentence and remand the case for resen-tencing as we did in Hamilton v. State, 527 So.2d 892 (Fla. 5th DCA 1988). If the judge intended to impose a total restraint of 23 years (15 years incarceration, 13 years of which are suspended, followed by an additional period of 8 years probation), this sentence would be illegal as it exceeds the statutory maximum. If, on the other hand, the judge intended to impose a total sanction not exceeding 15 years with 2 years imprisonment and the remainder suspended, then the sentence would be legal and would not constitute a departure from the defendant’s recommended guidelines sentence. McKee v. State, 528 So.2d 417 (Fla. 5th DCA 1988).
SENTENCE VACATED; REMANDED for RESENTENCING.
ORFINGER and COBB, JJ., concur.

. §§ 893.13(l)(a)(l), 893.03(2)(a)(4) and 775.-082(3), Fla.Stat. (1987).