COBB, Judge.
In January, 1987, Albert Bickowski pled guilty to grand theft, a third degree felony, and was given five years probation. On November 13,1987, he pled guilty to violating that probation, was adjudicated guilty of grand theft, and sentenced to a “true split sentence” of five years with forty months suspended after service of twenty months in the Department of Corrections. See McKee v. State, 528 So.2d 417 (Fla. 5th DCA 1988). The maximum guideline incar-cerative period was thirty months.
The November 13th sentence was legal. See Carr v. State, 528 So.2d 406 (Fla. 5th DCA 1988); Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988). Unfortunately, in an order filed December 10, 1987, the trial judge entered a nunc pro tunc “Order of Modification of Probation,” which apparently purports to add an additional forty months of probation to follow the forty months of probation imposed on November 13, 1987, as part of the split sentence.
The December, 1987 nunc pro tunc order was void since sentence for the grand theft (the only crime before the court for sentencing purposes) had already been imposed. That order is quashed. The sentence is otherwise affirmed.
SENTENCE AFFIRMED; ORDER OF MODIFICATION QUASHED.
*471 ORFINGER, J., concurs.
COWART, J., concurs in part, dissents in part with opinion.