COWART, Judge,
dissenting.
The sentence imposed in this case as to Count I is a true split sentence as described in section 948.01(8), Florida Statutes. Not only does the 15 year sentence exceed the recommended guideline range of 21/2-31/2 years, but that portion of the 15 year sentence imposed and not suspended (being 3½ years) tops out the maximum recommended guideline range of 3V2 years’ incarceration, leaving the 11½ year portion of the 15 year sentence and the 5 year period of probation on Count II to be in excess of the recommended guideline range, thus constituting a departure sentence under Hankey v. State, 505 So.2d 701 (Fla. 5th DCA 1987), rev. denied, 515 So.2d 230 (Fla.1987); VanKooten v. State, 512 So.2d 214 (Fla. 5th DCA 1987), approved, 522 So.2d 830 (Fla.1988). As explained by the Second District Court in Primm v. State, 524 So.2d 475 (Fla. 2d DCA 1988), under Hankey and VanKooten, the sentence in this case constitutes a departure sentence. See also the dissents in Williams v. State, 528 So.2d 453 (Fla. 5th DCA 1988) and Jackson v. State, 529 So.2d 1277 (Fla. 5th DCA 1988).
In order to accomplish an equal application of the law, this court should express its direct conflict with Primm, VanKoo-ten, and Hankey, and certify as a question of great public interest whether:
WHEN THE RECOMMENDED GUIDELINE RANGE IS 2⅛-8⅛ YEARS’ IN *249 CARCERATION, DOES A SENTENCE OF 15 YEARS’ INCARCERATION, SPLIT WITH 8⅛ YEARS TO BE IMMEDIATELY SERVED AND THE BALANCE OF 11⅛ YEARS SUSPENDED SUBJECT TO THE SUCCESSFUL COMPLETION OF 16⅛ YEARS OF PROBATION, CONSTITUTE A DEPARTURE SENTENCE REQUIRING JUSTIFYING REASONS?