DANIEL, Judge.
The defendant Michael Loomis appeals his judgment and sentence for robbery, a second degree felony punishable by up to 15 years imprisonment.[1] The defendant’s recommended guidelines sentence was 3⅝⅛ to 4⅛ years incarceration. Loomis received a sentence of fifteen years, but after serving 4V2 years in the Department of Corrections, the balance of his sentence was suspended and he was placed on probation for a period of 10 years.
On appeal, the defendant argues that the sentence constitutes a departure sentence which is improper because there were no written reasons for departure. Since the term of imprisonment was within the pre *424 sumptive guidelines range and the total sanction did not exceed the statutory maximum for the crime, the sentence did not constitute a departure sentence. See Johnson v. State, 529 So.2d 1250 (Pla. 5th DCA 1988); McKee v. State, 528 So.2d 417 (Fla. 5th DCA 1988).
The defendant also argues that the judgment erroneously reflects that he was convicted of a first degree felony rather than a second degree felony. The defendant was charged with robbery while wearing a mask in violation of sections 812.13 and 775.0845, Florida Statutes (1985). Under section 775.0845(4), a felony of the second degree is punishable as if it were a felony of the first degree if the offender was wearing a mask that concealed his identity while committing the offense. The defendant entered a plea of guilty to second degree robbery, a lessor included offense of robbery while wearing a mask. The judgment form, however, lists the mask statute and the degree of the crime as a first degree felony. Since the defendant pleaded to a second degree robbery, the judgment form should be corrected to reflect the proper degree of the offense and the reference to section 775.0845 (erroneously designated as 777.0845 on the judgment form) should be deleted.
AFFIRMED as modified.
DAUKSCH and ORFINGER, JJ., concur.

. §§ 812.13(2)(c); 775.082(3)(c), Fla. Stat. (1985).